IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT

2015 MAY 26 PM 4: 27

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Brenda Parker,
    Plaintiff

CIVIL ACTION #_____
**VERIFIED COMPLAINT**

v.

**1:15-cv-0826 JMS -TAB**

Capital One Auto Finance, Capital One, National Association, N.A.
Onyx Acceptance Corporation, 5 Star Automotive Services, LLC, Dalias *Last Name* unK.
All American Towing and Recovery, LLC
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,
    Defendants

## COMPLAINT FOR DAMAGES AND OTHER RELIEF
## FOR ILLEGAL REPOSSESSION AND ILLEGAL CREDIT REPORTING AND RECOVERY

Comes now Plaintiff Brenda Parker, a pro se litigant and files the above Civil Action

against all above Defendants Jointly and Individually.

1.

Plaintiff is a resident of Indianapolis, Indiana and has a mailing address of 1427 W. 86th

Street, #609, Indianapolis, IN 46260. Plaintiff is pro se and submits to the jurisdiction of this

Court.

**DEFENDANTS:**

2.

On information and belief, Capital One Auto Finance is a N.A, which is an affiliate of Capital One, N.A. and Onyx Acceptance Corporation and can be legally served with Summons and Complaint by serving them at 7933 Preston Road, Plano, TX 75024.

3.

On information and belief, Capital One, N.A. is a foreign Corporation, and can be legally served with Summons and Complaint by serving Capital One, N.A. at 7933 Preston Road, Plano, TX 75024

4.

On information and belief, Onyx Acceptance Corporation is affiliated with Capitol One Auto Finance and Capital One, N.A. and can be legally served with Summons and Complaint by serving Onyx at 7933 Preston Road, Plano, TX 75024.

5.

On information and believe All American Towing and Recovery, LLC is a corporation conducting business in Indiana as a towing and repossession company and can be legally served with summons and complaint by serving its Registered Agent at 308 Gradle Drive, Carmel, IN.

6.

On information and belief, 5 Star Automotive Services, LLC is a corporation conducting business in Indiana in towing and repossession and can be legally served with summons and complaint by serving them at 1900 Hart Street Suite 37D, Dyer, IN 46311.

7.

On information and belief, Dalias, last name unknown, was the tow truck driver, who illegally repossessed Plaintiff's vehicle and he can be legally served with Summons and

Complaint by personal service at his residence or his place of employment with 5 Star Automotive Services, LLC, at 1900 Hart Street, Suite 37D, Dyer, IN 46311.

8.

On information and belief, Indianapolis Marion County Police Department, herein to be known as IMPD, can be legally served with summons and complaint by serving Chief of Police, Rick Hite, 50 N. Alabama, Indianapolis, IN 46204 and Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204.

9.

On information and belief, Officer Loyal is a police officer with the Indianapolis Marion County Police Department and can be served at place of employment at c/o Chief of Police Rick Hite, NW District, 50 N. Alabama, Indianapolis, IN 46204 or Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204.

10.

On information and belief, Officer Pilkington is a police officer with the Indianapolis Marion County Police Department and can be served at place of employment at c/o Chief of Police, Rick Hite, 50 N. Alabama, Indianapolis,IN 46204 46204 or Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204

11.

On information and belief, Officer Rolinson is a police officer with the Indianapolis Marion County Police Department and can be served at place of employment c/o Chief of Police, Rick Hite, 50 N. Alabama, Indianapolis, IN 46204 or Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204.

**12.**

All Defendants conspired and orchestrated a scheme, within an illegal enterprise to commit Civil Conspiracy to deprive Plaintiff of the use of her 2006 Ford Explorer, by illegal means to cause legal, financial and economic harm to Plaintiff.

**13.**

**VENUE:**

Venue is proper in the United States District Court of Southern Indiana because of federal question of Defendants Capital One Auto Finance, Capital One, N.A and Onyx violating Indiana Repossession laws, IRS Federal Regulations of charged off debts, and Fair Debt and Reporting Act. Venue in this Court is proper because it was Marion County, Indianapolis, Indiana that all claims by Plaintiff took place.

**14.**

**JURISDICTION:**

Federal Courts have subject matter jurisdiction of all matters of Federal question and supplemental jurisdiction of matters claimed under State law which Defendants were in violation of Federal law.

**15.**

**FACTS COMMON TO ALL COUNTS:**

Plaintiff did in fact purchase a 2006 Ford Explorer, white in color, through a Broker Dealer/Agency in the State of Georgia on or around February 17, 2007. Plaintiff did in fact default on the loan payments prior to the above illegal repossession, in which the Creditor,

Capital One Auto Finance did in fact repossess the vehicle. Plaintiff paid all delinquent charges and fees and regained possession of vehicle.

16.

Plaintiff was a provider of services to the development disabled population in the State of Georgia and was black listed from providing services, which became the subject of RICO action in Georgia and now illegal actions in three (3) other States by members of an illegal enterprise (The Musketeers), which formed under the State of Georgia government. Plaintiff gradually lost resources to sustain the residential care homes in Georgia and was put out of business by others.

17.

Plaintiff was in regular contact with Capital One Auto Finance to keep them aware of Plaintiff's fast reduction in resources to maintain monthly payments on vehicle and Plaintiff's intentions of moving to another state. Defendant Capital One Auto Finance was aware of Plaintiff's residency issues from Illinois to Indiana.

18.

In May 2012 and months leading up this month, Plaintiff was moved to relocate to another state, which was Illinois first. It was while Plaintiff was living with family in Illinois that Plaintiff became aware of Defendant Capital One Auto Finance submitted negative credit reporting information onto Plaintiff's credit report. (See P. Exhibit B), which is copy of Plaintiff's pulled credit report by agency which denied Plaintiff a loan. At this point, the vehicle had many mechanical problems and was not being driven. Plaintiff also had issues with Out of State Registration requirements with Georgia for annual tag registration.

19.

Plaintiff then relocated to Indianapolis, Indiana in March 2013, with lots of prayer, and after some repairs were able to be made to the vehicle Plaintiff decided to attend college in Indianapolis, IN to finish Bachelor's Degree to then attend law school to become a licensed attorney. This journey is being manipulated with attempts of blocking. Attending college was put on hold again and Plaintiff has been attempting to clean up credit report, which also had fraudulent entries of defaulted student loans. Which are being removed by loan provider. Other discrepancies are also being removed from being illegally entered by State of Georgia onto Plaintiff's credit report, including matter of public record in Georgia, which are false and in process of being removed.

20.

Plaintiff was a resident of 8260 Bentwood Cir. E. Drive at the Villages of Bent Tree Apartments located in Indianapolis, IN from November 15, 2013 until January 31, 2015. It was at the Bent Tree Apartments in May 2014 that Defendant Capitol One Auto Finance authorized Defendant All American Recovery, Defendant 5 Star Automotive Services, LLC and Defendant Dalius, to repossess Plaintiff's vehicle, in front of Plaintiff's apartment building at 8260 Bentwood Circle E. Dr.

21.

Plaintiff went into her apartment on May 9, 2014 and was not inside more than 5 minutes. Plaintiff returned to outside to get into vehicle and notice vehicle gone. Plaintiff immediately dialed 911 for the police and informed dispatch that Plaintiff's vehicle stolen. While speaking to dispatch operator, Plaintiff ran around corner and saw tow truck driver, outside his tow truck doing something to Plaintiff's vehicle, which was being pulled behind tow truck. Plaintiff yelled for tow truck driver to stop, and he jumped into his vehicle and continued to drive toward the

exit circle of the apartment complex. Plaintiff was still on phone with dispatch and informed her

that tow truck driver is stealing Plaintiff's vehicle. Dispatch confirmed that officers were arriving

and two (2) officers did appear within circle.

22.

     Tow truck driver, Defendant Dalius, was disturbing the peace with his illegal

repossession.

**23.**

     It was at this point that the tow truck driver stopped and Plaintiff asked tow truck driver,

why he was stealing Plaintiff's vehicle. Plaintiff proceeded to give dispatch the information from

the tow truck door panel to ensure that information is preserved, in the event different

information is later reported.

**24.**

     The two police officers went to speak with tow truck driver and told Plaintiff to be quiet

and wait. The male officer then informed Plaintiff that the tow truck driver is repossessing

vehicle for non-payment. The female officer then reiterated same information and stated, when

you don't make your payments they can repossess the vehicle.

**25.**

     Plaintiff is now believing a civil conspiracy is being orchestrated, stemming from

Georgia. Plaintiff made the statement of who is behind this illegal repossession to police officers

because of two Government helicopters overhead and almost close enough to touch. The male

officer stated that Plaintiff was paranoid and that the helicopters were not overhead for Plaintiff.

**26.**

Both officers stated that the tow truck driver has a right to the vehicle. Plaintiff informed officers that the creditor had reported the loan an uncollectible debt, which was charged off with entries upon Plaintiff's credit report in 2012, (See P. Exhibit B), which is a copy of pulled credit report showing $18,900 reported by Defendant Capital One Auto Finance as charged off. The male officer stated, where is this document. Plaintiff stated in the apartment. The officer informed Plaintiff to go retrieve the document. Plaintiff ran back to the apartment, retrieved the document and returned to the circle. Both officers examined the document, which was a copy of Plaintiff's pulled credit report by a company that denied Plaintiff a loan because of contents of the credit report. The officers then received a print out from the tow truck driver and would not allow Plaintiff to see the document. The officers stated the tow truck driver's document is more current than Plaintiff's document so, the tow truck driver can take the vehicle.

27.

Plaintiff requested a supervisor and a male supervisor showed up and reiterated what the other two officers stated that the tow truck driver has a right to repossess the vehicle. Plaintiff then requested to retrieve her belongings from the vehicle and the supervising officer stated, Plaintiff can retrieve belongings out of the vehicle, only if Plaintiff gives the key to the vehicle to the tow truck driver. Plaintiff gave the key to tow truck driver after Plaintiff removed belongings from vehicle. (See P. Exhibit A), which is a copy of the Tort Claim filed with City/County of Indianapolis, IN by Plaintiff.

28.

Officers continued to state to Plaintiff that this was a civil matter and they, the officers cannot get involved.

29.

None of the officers appear to have knowledge of Indiana's prior Notice Requirement under 26-2-10-6, which states a 2 hour notice to Sheriff's Department is mandated to be done prior to any attempts to repossess a vehicle in the State of Indiana or two hours after repossession, this was not done by any of the Defendants

30.

Plaintiff made contact with Capital One Auto Finance after Plaintiff researched and investigated the circumstances of the illegal repossession. Defendant Capital One Auto Finance mailed Plaintiff their confirmation of Repossession (P. Exhibit C).

31.

Defendant Capital One Auto Finance assigned Plaintiff's claimed delinquent amount to United Recovery Systems for collection of now, $21,838.15 as of November, 12, 2014. (See P. Exhibit D).

32.

Plaintiff sent written request to United Recovery Systems, requesting proof of debt and United Recovery sent Plaintiff several documents. One of which is the Explanation of Calculation of Surplus or Deficiency dated June 25, 2014 and addressed to Plaintiff (See. P. Exhibit E). However, the Deficient notice was mailed to P.O. Box 3615, Lilburn, GA 30048-3615 and not to Plaintiff at 8260 Bentwood Circle, E. Drive, Indianapolis, IN, which is the address the illegal repossession took place. And, the address that Defendant Capital One Auto Finance was well aware as Plaintiff's current address. The Deficiency Notice also state that $21,838.15 is the deficient amount claimed owed by Plaintiff.

33.

IRS Publication 535 details mandates of charged off debts and Defendants Capital One Auto Finance, Capital One and Onyx failed to adhere to mandates of federal law.

**34.**

Plaintiff would not have had a copy of the Deficiency notice if the Collection agency had not forwarded a copy to Plaintiff.

**35.**

Plaintiff timely filed Tort Claim for Property Damage, Personal Injury and Theft of Vehicle against the Indianapolis Police Department, to the Office of Corporation Counsel of Indianapolis, IN. (See P. Exhibit A), which is a copy of the actual complaint Plaintiff filed to recover from illegal repossession. The Office of Corporation Counsel Denied Plaintiff's Tort Claim on February 11, 2015 (See. P. Exhibit F). Plaintiff now timely files this Civil Action to Recovery from Damages.

**36.**

Plaintiff retrieved a copy of credit report on May 8, 2015 and noticed that Defendant Capital One Auto Finance is now claiming a reduced amount for charge off debt (PRL). The amount of $14,702, now claimed due. (See P. Exhibit G), copy of page 2 of Plaintiff's credit report. Plaintiff did not receive a Deficiency Statement for this new charged off amount either, nor did Plaintiff make any payments in June 2014, as stated by Defendant Capital One Auto Finance within Plaintiff's page 2 credit report (P. Exh. G).

**37.**

Defendants Capital One Auto Finance, Capital One, Onyx, 5 Star Towing, Dalius and All American Towing and Recovery, all failed to adhere to mandates of Indiana statutes regarding

repossessing a vehicle. All Defendants, within this paragraph did not give two (2) hour notice to the Sheriff's Department, prior to proceeding to illegally repossess Plaintiff's vehicle.

**38.**

Defendants Capital One Auto Finance, Capital One, Onyx, 5 Star Towing and All American Towing and Recovery all failed to adhere to Do Not Disturb the Peace mandates when repossessing a vehicle in the State of Indiana. Plaintiff telephoned the police department to protect and serve Plaintiff from a theft of vehicle. Plaintiff chased the tow truck, while screaming to the top of Plaintiff's lungs for the tow truck driver to release Plaintiff's vehicle. Plaintiff then debated with Defendants 5 Star Towing and Dalius, the facts of why Plaintiff's vehicle should not be repossessed. All efforts of Plaintiff to retrieve her vehicle were ignored by all Defendants within this paragraph and three police officers.

**39.**

Defendants Capital One Auto Finance, Capital One and Onyx all failed to adhere to mandates of IRS Discharged Debt guidelines, when receiving a charged off credit for Plaintiff's vehicle. All Defendants within this paragraph committed fraud when a charged off credit taken in 2012 and then All Defendants proceeded to illegally repossess Plaintiff's vehicle in 2014.

**40.**

Defendants Capital One Auto Finance, Capital One and Onyx altered the charged off amount on Plaintiff's credit report from $18,900 in 2012 to $14,702 in 2015. All Defendants within this paragraph did not submit an amount of $21,838.15 upon Plaintiff's credit report as being the amount in collection with collection agency. (P. Exh. E).

**41.**

11

Defendants Capital One Auto Finance, Capital One and Onyx stated on Plaintiff's credit report (P. Exh. G), that Plaintiff made a payment on June 23, 2014 when in fact Plaintiff made no payments since early 2012. All Defendants violated Federal statute of Fair Debt and Reporting Act by falsifying then altering legal information on Plaintiff's credit report, all while All Defendants within this paragraph received debt charge off credit from the Federal Government.

**42.**

Defendants Capital One Auto Finance, Capital One and Onyx all failed to properly mail Plaintiff the Deficiency Notice to Plaintiff's address of 8260 Bentwood Cir. E. Dr., Indianapolis, IN, which was Plaintiff's address up until January 31, 2015, on file at credit bureau, on file with Capital One Auto Finance and known to all Defendants, prior to repossession, during repossession and well known to all Defendants after repossession took place.

**43.**

Defendants Indianapolis Police Department along with Officers Loyal, Pilkington and Rolinson all failed to protect and serve Plaintiff when Plaintiff telephoned 911 for police assistance in preventing theft of vehicle.

**44.**

Defendants Indianapolis Police Department along with Officers Loyal, Pilkington and Rolinson acted as judge and jury in their determination and examination of written documents to ascertain who should get possession of vehicle, either Plaintiff or tow truck driver, Defendant Dalius. All Defendants within this paragraph decided the weight of the evidence against Plaintiff and directed Plaintiff to give keys to tow truck driver, Defendant Dalius.

**45.**

Defendants Indianapolis Police Department, along with Officers Loyal, Pilkington and Rolinson were bias towards Plaintiff and acting as judge and jury, instead of serving and protecting Plaintiff and her rights of not being deprived of her vehicle. All Defendants decided that Plaintiff owed creditor and that Plaintiff did not pay for vehicle and now vehicle can be repossessed.

**46.**

All Defendants failed to follow Indiana statute of giving two (2) hour notice to Sheriff's Department, prior to attempting to repossess a vehicle in the State of Indiana.

**47.**

All Defendants were negligent towards Plaintiff by their willful and wanton conduct by failing to return the vehicle to Plaintiff, during or after the fact of Plaintiff calling the police, chasing the tow truck, screaming and running behind the tow truck, while disturbing the peace at 11:30 p.m. on May 9, 2014. The majority of screaming and running was recorded by Indianapolis Police Department dispatch.

**48.**

All Defendants violated Plaintiff's rights to ownership of vehicle and mandates of by depriving Plaintiff of liberty and property. And, by causing Plaintiff financial and economic harm by depriving Plaintiff of the use of her vehicle since May 9, 2014. All Defendants illegal behavior and decisions made against Indiana statutes and Federal law, in group efforts to illegally deprive Plaintiff of her vehicle.

**49.**

All Defendants conduct was arbitrary and capricious towards Plaintiff, with deliberate intent to deprive Plaintiff of her vehicle and attempt to send Plaintiff into bankruptcy court.

## COUNT I

**THEFT BY TAKING**

**50.**

Plaintiff incorporates and alleges 1 through 49 of this Complaint as though the same were fully set forth herein.

**51.**

All Defendants stole Plaintiff's vehicle by not following the law when attempting to repossess Plaintiff's vehicle. Defendants Dalius, 5 Star Automotive and All American Towing were trespassing at Plaintiff's apartment when Dalius stole Plaintiff's vehicle with the permission of Defendants Indianapolis Police Department and Officers Loyal, Pilkinson and Rolinson.

**52.**

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial.

## COUNT II

**THEFT BY CONVERSION**

**53.**

Plaintiff incorporates and alleges 1 through 53 of this Complaint as though the same were fully set forth herein.

**54.**

Defendants Capital One Auto Finance, Capital One and Onyx, converted Plaintiff's property to their property and sold Plaintiff's vehicle after said vehicle was stolen from Plaintiff

14

with the permission and direction of Defendants Indianapolis Police Department and Officers

Loyal, Pilkinson and Rolinson.

55.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**COUNT III**

**CIVIL CONSPIRACY**

56.

Plaintiff incorporates and alleges 1 through 56 of this Complaint as though the same were

fully set forth herein

57.

All Defendants operated together to conduct an illegal repossession with the intent to

gain possession of Plaintiff's vehicle by illegal means. Plaintiff attempted to direct Defendants,

Officers Loyal, Pilkinson and Rolinson to the law, even after they continued to state that this is a

civil matter and they-the officers cannot get involved. Plaintiff was followed by vehicles and by

helicopters on the May 9, 2014 for vehicle to be stolen in the manner it was. The entire theft was

premeditated and completed by individuals who were well aware of the law and mandated to

follow the law to ensure property and rights of Plaintiff were protected at all times. All

Defendants conspired to violate Plaintiff's Constitutional Rights of enjoying her property,

enjoying her life and being receiving Due Process.

58.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**COUNT IV**

**BREACH OF DUTY AND PEACE**

59.

Plaintiff incorporates and alleges 1 through 58 of this Complaint as though the same were

fully set forth herein.

60.

Defendants Loyal, Pilkinson and Rolinson breached their duties as police officers and

operated outside of their employment with Indianapolis Police Department, in their disregard to

Indiana law on disturbing the peace and returning property to Plaintiff when Plaintiff disputed

repossession over and over again verbally and physically while chasing tow truck and Defendant

Dalius. All Defendants within this paragraph lost sight of their official duties as they perpetrated

being judge and jury, and ruling against Plaintiff because of dates on paperwork. (See P. Exh.A)

61.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**COUNT V**

**FRAUD AND BIAS**

62.

Plaintiff incorporates and alleges 1 through 62 of this Complaint as though the same were

fully set forth herein.

63.

Defendants Indianapolis Department, Officer Loyal, Pilkinson and Rolinson committed

fraud and were bias towards Plaintiff in their actions of not protecting the rights of Plaintiff when

Plaintiff telephoned 911 for assistance to stop a crime from happening. All Defendants within this paragraph did not weigh their actions against the law and their official duties to act but weighed their actions based upon their personal hearsay information on consumer credit and collections statute and their free will to not follow the law. All Defendants within this paragraph continued to state that this matter was a civil matter, and yet all Defendants within this paragraph resolved the matter, as if they were judge and jury against Plaintff. All Defendants within this paragraph gladly gave Plaintiff's vehicle to Defendant Dalius and his tow truck and by doing so, All Defendants deprived Plaintiff of the use and enjoyment of her vehicle.

64.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial

**COUNT VI**

**CONVERSION OF PROPERTY**

65.

Plaintiff incorporates and alleges 1 through 65 of this Complaint as though the same were fully set forth herein.

66.

All Defendants deliberately and with malice deprived Plaintiff of her vehicle and deprived Plaintiff of her liberties to enjoy her life. Plaintiff has suffered continuously because Plaintiff has no vehicle to this date, and Plaintiff has been forced to utilize all available methods of transportation, including public transportation. Plaintiff must pay for Uber taxi service, Indianapolis taxi service, Lyft taxi service, Indianapolis bus service, Mega Bus and the kindness of co-workers to travel and go to work, meetings and errands. Because Defendants made false

credit reporting onto Plaintiff's credit report, Plaintiff has been illegally restrained from credit approvals. All Defendants converted Plaintiff's property over to their own use and sold said property to another individual and attempting to now collect illegal deficiency from Plaintiff.

67.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial.

**COUNT VII**

**VIOLATIONS OF FAIR DEBT AND COLLECTION ACT**

68.

Plaintiff incorporates and alleges 1 through 68 of this Complaint as though the same were fully set forth herein

69.

Defendants Capital One Auto Finance, Capital One and Onyx, all failed to follow regulations in reporting true debt owed by Plaintiff to all credit reporting agencies. All Defendants within this paragraph deliberately falsified information and altered reported information to hinder any future attempts of Plaintiff to recover from illegal repossession of vehicle.

**COUNT**

**NEGLIGENCE**

70.

Plaintiff incorporates and re-alleges Paragraphs 1 through 70 of this Complaint as though the same were fully set forth herein.

71.

All Defendants were negligent in the actions and failure to act according to law.

Defendants Capital One Auto Finance, Capital One, and Onyx failed to follow repossession laws

for the State of Indiana by contracting to Defendants All American Towing, 5 Star Towing and

Dalius and commanding said Defendants to trespass onto private property to steal Plaintiff's

vehicle. Defendants Capital One Auto Finance, Capital One, and Onyx then failed to properly

notify Plaintiff of their actions. Plaintiff had to telephone Capital One Auto Finance to ascertain

what happened and why.

72.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**COUNT**

**VIOLATIONS OF IRS CREDIT FOR DISCHARGED DEBT**

73.

Plaintiff incorporates and re-alleges Paragraphs 1 through 73 of this Complaint as though

the same were fully set forth herein.

74.

Defendants Capital One Auto Finance, Capital One and Onyx all committed fraud in their

attempts to receive discharged debt credit from the Federal Government. All Defendants within

this paragraph reported discharged debt right off in 2012 onto Plaintiff's credit report and then

reported a smaller amount in 2015, onto Plaintiff's credit report and never reported the claimed

amount owed that was assigned to collection in November 2014 of $21,83.15 (See. P. Exh. D).

All Defendants within this paragraph has deliberately caused undue hardship to Plaintiff as

Plaintiff is attempting to clear up credit from all false and fraudulent entries by Defendants.

**75.**

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**76.**

Plaintiff incorporates and re-alleges Paragraphs 1 through 76 of this Complaint as though

the same were fully set forth herein,

**WHEREFORE**, Plaintiff respectfully prays that process issue as the law provides and

for the following relief:

a. Judgment against all Defendants jointly and severely for Plaintiff's actual damages,
   which is replacement vehicle in the amount of $45,000.00 plus transportation and
   damages of expenses since May 10, 2014 and ongoing,

b. Judgment against all Defendants, jointly and severely for Plaintiff's cost to defend
   this action,

c. Judgment against all Defendants jointly and severely for pain and suffering through
   this entire matter,

d. Judgment against all Defendants, jointly and severely for pre-judgment and post-
   judgment interest,

e. Judgment against all Defendants, jointly and severely for treble damages,

f. For any and all other relief as the Court deems as just and proper.

Respectfully submitted this 16th day of May 2015.

*Brenda Parker*

Brenda Parker, pro se
1427 W. 86thStreet, #609, Indianapolis, IN 46260, 317-918-5574

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Brenda Parker,

    Plaintiff

CIVIL ACTION #_____

**VERIFIED COMPLAINT**

v.

Capital One Auto Finance, Capital One, National Association, N.A.
Onyx Acceptance Corporation, 5 Star Automotive Services, LLC, Dalias *Last name unknown*
All American Towing and Recovery, LLC
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,

    Defendants

## DEMAND FOR JURY TRIAL

Plaintiff Brenda Parker hereby make DEMANND FOR JURY TRIAL.

This _26th_ day of May 2015

Respectfully,

*Brenda Parker*

Brenda Parker, pro se
1427 W. 86th Street, #609
Indianapolis, IN  46260
317-918-5574

21

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**VERIFICATION OF BRENDA PARKER, AFFIANT**

Affiant, Personally appeared before the undersigned Notary of the Public, who is

authorized to administer oaths, state, Brenda Parker, who after being duly sworn, depose and

states she is authorized and of legal age to make this Verification on behalf of herself as the

Plaintiff and that the facts and information alleged in the foregoing Verified Complaint for

Damages and Other Relief are true and correct, based upon documented facts and the personal

knowledge and belief of Affiant, matters not yet substantiated by documents, Affiant believes

matters and information to be true.

In accordance with 28 U.S.C. Section 1746, Affiant declares under penalty of perjury that

the foregoing is true and correct.

This 26th day of May, 2015



Brenda Parker, Affiant

Sworn and subscribed before me this 26th day of May, 2015

Notary Public                                    My Commission Expires: Aug 10, 2018

```
SARAH J BRICKLEY
Notary Public, State of Indiana
Marion County
Commission # 620097
My Commission Expires
August 10, 2018
```

22