UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, )<br>    Plaintiff, )<br> )<br> v. )<br> )<br>CAPITAL ONE AUTO FINANCE, CAPITAL )<br>ONE, NATIONAL ASSOCIATION N.A., et al. )<br>    Defendants. ) | Case No. 1:15-cv-00826-JMS-TAB |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

### I.   Screening

The plaintiff has paid the initial partial filing fee. The complaint is now subject to screening pursuant to 28 U.S.C. § 1915(e)(2). The complaint alleges a number of state and federal claims against various corporate entities and individuals, all arising out of the plaintiff having missed payments on a vehicle which was eventually repossessed in May of 2014. She called the police at the time the vehicle was being towed and told the officers that the creditor had "charged off" the debt when it reported the car loan to be an uncollectible debt in 2012. The officers reviewed papers that the towing company had, determined that the towing company's paperwork was more current than the plaintiff's, and allowed the towing company to repossess the car.

The plaintiff has named the following defendants: 1) Capital One Auto Finance; 2) Capital One, National Association N.A.; 3) Onyx Acceptance Corporation, 5 Star Automotive Services, LLC; 4) Dalias last name unknown; 5) All American Towing and Recovery, LLC; 6) Indianapolis Marion County Police Department (IMPD); 7) Officer Loyal; 8) Officer Pilkington; and 9) Officer Rolinson.

A number of the plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted, while other claims shall proceed, as discussed below:

The claims against the Indianapolis Marion County Police Department, Officer Loyal, Officer Pilkington, and Officer Rolinson are **dismissed** for failure to state a claim upon which relief can be granted. The plaintiff does not allege that any action was taken pursuant to a practice or custom of the City of Indianapolis. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978),  The individual defendants allowed the towing of the plaintiff's vehicle after they reviewed what appeared to be proper documentation to support the repossession presented by the towing company. They did not violate any constitutional or federal rights under these circumstances. Moreover, any violation of the statute that requires two hours' notice of a repossession to the Sheriff's Department, Ind. Code § 26-2-10-6, results in the commission of a Class C infraction. It does not provide a private civil cause of action. *See* Ind. Code § 26-2-10-7.

The plaintiff's claims that Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation failed to adhere to IRS Publication 535, which she alleges addresses charged off debts, are **dismissed** for failure to state a claim upon which relief can be granted. An alleged violation of an IRS guideline on the part of a corporation does not give rise to a cause of action on the part of an individual taxpayer. *See Groder v. United States,* 816 F.3d 139, 142 (4th Cir. 1987) ("internal rules of agency procedure" confer "no substantive rights or privileges upon taxpayers.").

Any "civil conspiracy" claim is **dismissed** for failure to state a claim upon which relief can be granted.  To allege conspiracy liability under 42 U.S.C. § 1983, a plaintiff must allege that individuals reached an agreement to deprive her of her constitutional rights and overt acts in

furtherance actually deprived her of those rights. *Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015). No unconstitutional acts during the repossession of the plaintiff's car are discernible.

The breach of peace state law claims against the All American Towing and Recovery, LLC, 5 Star Automotive Services, LLC, and "Dalias" are **dismissed** for lack of jurisdiction. The Court declines to exercise supplemental jurisdiction because no federal cause of action is asserted against these defendants and the facts and evidence related to the federal claim in this action would be wholly distinct from that related to the actual repossession of the vehicle. 28 U.S.C. § 1367(c); *Bailey v. City of Chicago,* 779 F.3d 689, 696 (7th Cir. 2015).

With the exception of the Fair Debt Collection Practices Act claims discussed below, the above summary of claims includes all of the claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, she shall have **through July 22, 2015**, in which to identify those claims. No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

## II.   Service of Process

Giving the complaint a liberal reading, the viable federal claims discernible in the complaint are alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, asserted against Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Capital One Auto Finance, Capital One, N.A., and Onyx Acceptance Corporation in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 26, 2015, the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:   06/22/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brenda Parker, 1427 W. 86th Street, #609, Indianapolis, IN 46260

Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024

Capital One, N.A., 7933 Preston Road, Plano, TX 75024

Onyx Acceptance Corporation, 7933 Preston Road, Plano, TX 75024

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.