IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**FILED**

JUL 1 3 2015

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Brenda Parker,
    Plaintiff

**CASE NO.1:15-cv-0826 JMS-TAB**
**VERIFIED**

v.

**AMENDED COMPLAINT**

Capital One Auto Finance, Capital One, National Association, N.A.
Onyx Acceptance Corporation, 5 Star Automotive Services, LLC, Dalias_____
All American Towing and Recovery, LLC
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,
    Defendants

## COMPLAINT FOR DAMAGES AND OTHER RELIEF
## FOR ILLEGAL REPOSSESSION AND ILLEGAL CREDIT REPORTING AND
## RECOVERY

Comes now Plaintiff Brenda Parker, a pro se litigant and files the above Amended Civil

Action to re-allege and restate back to Original Complaint and Exhibits filed against all above

Defendants Jointly and Individually.

**1.**

Plaintiff is a resident of Indianapolis, Indiana and has a mailing address of 1427 W. 86th

Street, #609, Indianapolis, IN  46260. Plaintiff is pro se and submits to the jurisdiction of this

Court.

**DEFENDANTS:**

**2.**

1

On information and belief, Capital One Auto Finance is a N.A, which is an affiliate of Capital One, N.A. and Onyx Acceptance Corporation and can be legally served with Summons and Complaint by serving them at CSC-Lawyers Incorporating Service, LLC, 7 St, Paul Street, Suite 1660, Baltimore, MD 21202.

**3.**

On information and belief, Capital One, N.A. is a foreign Corporation, and can be legally served with Summons and Complaint by serving Capital One, N.A. at CSC-Lawyers Incorporating Service, LLC, 7 St, Paul Street, Suite 1600, Baltimore, MD 21202.

**4.**

On information and belief, Onyx Acceptance Corporation is affiliated with Capitol One Auto Finance and Capital One, N.A. and can be legally served with Summons and Complaint by serving Onyx at 150 South Perry Street, Montgomery, AL 36104.

**5.**

On information and believe All American Towing and Recovery, LLC is a corporation conducting business in Indiana as a towing and repossession company and can be legally served with summons and complaint by serving its Registered Agent at 308 Gradle Drive, Carmel, IN. 46032.

**6.**

On information and belief, 5 Star Automotive Services, LLC is a corporation conducting business in Indiana in towing and repossession and can be legally served with summons and complaint by serving them at 1900 Hart Street Suite 37D, Dyer, IN 46311.

**7.**

On information and belief, Dalias, last name unknown, was the tow truck driver, who illegally repossessed Plaintiff's vehicle and he can be legally served with Summons and Complaint by personal service at his residence or his place of employment with 5 Star Automotive Services, LLC, at 1900 Hart Street, Suite 37D, Dyer, IN 46311.

**8.**

On information and belief, Indianapolis Marion County Police Department, herein to be known as IMPD, acting under Color of State, to protect and serve all citizens of Indiana, can be legally served with summons and complaint by serving Chief of Police, Rick Hite, 50 N. Alabama, Indianapolis, IN 46204 and Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204.

**9.**

On information and belief, Officer Loyal is a police officer with the IMPD, acting under Color of State, to protect and serve all citizens of Indiana, and pursuit to authority vested in him by IMPD, his acts and/or edicts may fairly be said to represent the official policy of IMPD. And at all times, Loyal, acted under and pursuant to the laws, ordinances, policies, practices, customs, regulations and usages of IMPD. Officer Loyal can be served at place of employment at c/o Chief of Police Rick Hite, NW District, 50 N. Alabama, Indianapolis, IN 46204 or Office of Corporation Counsel, Tort Claim Division, 200 E. Washington Street, Room 1601, Indianapolis, IN 46204.

**10.**

On information and belief, Officer Pilkington is a police officer with the IMPD and acting under Color of State and pursuit to authority vested in him by IMPD, his acts and/or edicts may fairly be said to represent the official policy of IMPD. And at all times, Pilkington, acted

under and pursuant to the laws, ordinances, policies, practices, customs, regulations and usages

of IMPD, and can be served at place of employment at c/o Chief of Police, Rick Hite, 50 N.

Alabama, Indianapolis, IN 46204 46204 or Office of Corporation Counsel, Tort Claim Division,

200 E. Washington Street, Room 1601, Indianapolis, IN 46204

**11.**

On information and belief, Officer Rolinson is a police officer with the IMPD and acting

under Color of State and pursuit to authority vested in him by IMPD, his acts and/or edicts may

fairly be said to represent the official policy of IMPD. And at all times, Rolinson, acted under

and pursuant to the laws, ordinances, policies, practices, customs, regulations and usages of

IMPD, and can be served at place of employment c/o Chief of Police, Rick Hite, 50 N. Alabama,

Indianapolis, IN 46204 or Office of Corporation Counsel, Tort Claim Division, 200 E.

Washington Street, Room 1601, Indianapolis, IN 46204.

**12.**

All Defendants conspired and orchestrated a scheme, within an illegal enterprise to

commit Civil Conspiracy to deprive Plaintiff of the use of her 2006 Ford Explorer, by illegal

means to cause legal, financial, economic, mental and emotional harm to Plaintiff.

**13.**

**VENUE:**

Venue is proper in the United States District Court of Southern Indiana pursuant to 28

U.S.C. Section 1391 (b); because all claims occurred within this court's judicial district located

in Marion County, which is also Plaintiff's County of residence.

**14**.

**JURISDICTION:**

4

Plaintiff exhausted all administrative forums, as stated in#48, and Plaintiff filed her Federal Civil action on May 26, 2015. Federal Courts have subject matter jurisdiction of all matters of Federal question violations of Constitutional laws, because all claims arise out of same controversy under deprivation of Constitutional laws of the United States. 28 U.S.C. Sections 1331 and 1343.

**15.**

**FACTS COMMON TO ALL COUNTS:**

Plaintiff did in fact purchase a 2006 Ford Explorer, white in color, through a Broker Dealer/Agency in the State of Georgia on or around February 17, 2007. Plaintiff did in fact default on the loan payments prior to the above illegal repossession, in which the Creditor,

Capital One Auto Finance did in fact repossess Plaintiff's vehicle. Plaintiff paid all delinquent charges and fees and regained possession of vehicle.

**16.**

Plaintiff was a provider of services to the development disabled population in the State of Georgia and was black listed from providing services, which became the subject of RICO action in Georgia and now illegal actions in three (3) other States by members of an illegal enterprise (The Musketeers), which formed under the State of Georgia government. Plaintiff gradually lost resources to sustain the residential care homes in Georgia and was put out of business by others. Actions in Indiana is a continuous of a civil conspiracy against Plaintiff.

**17.**

Plaintiff was in regular contact with Capital One Auto Finance to keep them aware of Plaintiff's fast reduction in resources to maintain monthly payments on vehicle and Plaintiff's

intentions of moving to another state. Defendant Capital One Auto Finance was aware of Plaintiff's residency issues from Illinois to Indiana.

18.

In May 2012 and months leading up this month, Plaintiff was moved by the Spirit, to relocate to another state, which was Illinois first. It was while Plaintiff was living with family in Illinois that Plaintiff became aware of Defendant Capital One Auto Finance submitted negative credit reporting information onto Plaintiff's credit report. (See P. Exhibit B), which is copy of Plaintiff's pulled credit report by agency which denied Plaintiff a loan. At this point, the vehicle had many mechanical problems and was not being driven. Plaintiff also had issues with Out of State Registration requirements with Georgia for annual tag registration.

19.

Plaintiff then relocated to Indianapolis, Indiana in March 2013, with lots of prayer, and after some repairs were able to be made to the vehicle Plaintiff decided to attend college in Indianapolis, IN to finish Bachelor's Degree to then attend law school to become a licensed attorney. This journey is being manipulated with attempts of blocking. Attending college was put on hold again and Plaintiff has been attempting to clean up credit report, which also had fraudulent entries of defaulted student loans. Which are being removed by loan provider. Other discrepancies are also being removed from being illegally entered by State of Georgia onto Plaintiff's credit report, including matter of public record in Georgia, which are false and in process of being removed. All Defendants joined into a Civil Conspiracy against Plaintiff.

20.

Plaintiff was a resident of 8260 Bentwood Cir. E. Drive at the Villages of Bent Tree Apartments located in Indianapolis, IN from November 15, 2013 until January 31, 2015. It was

at the Bent Tree Apartments in May 2014 that Defendant Capitol One Auto Finance authorized

Defendant All American Recovery, Defendant 5 Star Automotive Services, LLC and Defendant

Dalius, to repossess Plaintiff's vehicle, in front of Plaintiff's apartment building at 8260

Bentwood Circle E. Dr.

**21.**

      Plaintiff went into her apartment on May 9, 2014 and was not inside more than 5 minutes.

Plaintiff returned to outside to get into vehicle and notice vehicle gone. Plaintiff immediately

dialed 911 for the police and informed dispatch that Plaintiff's vehicle stolen. While speaking to

dispatch operator at IMPD, Plaintiff ran around corner and saw tow truck driver, outside his tow

truck doing something to Plaintiff's vehicle, which was being pulled behind tow truck. Plaintiff

yelled for tow truck driver to stop, and he jumped into his vehicle and continued to drive toward

the exit circle of the apartment complex. Plaintiff was still on phone with dispatch and informed

her that tow truck driver is stealing Plaintiff's vehicle. Dispatch confirmed that officers were

arriving and two (2) officers did appear within circle.

**22.**

      Plaintiff dialed 911 to receive police assistance in the violations of Plaintiff's Civil

Rights, only to have Indianapolis Police Department by the hands of Officers Loyal, Pilkington

and Rolinson aide Defendants Capital One Auto Finance, Capital One, N.A. and Onyx in

violating Plaintiff's Civil Rights and Constitutional Rights of Due Process prior to having

property vehicle repossessed, which turned into Theft of Vehicle.

**23.**

      Tow truck driver, Defendant Dalius, with the assistance of Defendant Officers Loyal,

Pilkington and Rolinson, breached the peace with their illegal self-help repossession as ordered

by Defendants Capital One Auto Finance, Onyx, All American Towing & Recovery and 5 Star

Automotive Services, LLC, contract for services, which these defendants breached the peace as

well as contracted services between them.

24.

      Defendants Dalius, Capital One Auto Finance, Capital One, N.A., Onyx Acceptance

Corporation, All American Towing & Recovery and 5 Start Automotive Services, LLC

conspired together to commit a crime of illegal repossession through self-help tactics and civil

conspiracy by causing Plaintiff to be deprived of her vehicle by the orchestrated theft of vehicle

and numerous violations of Plaintiff's Civil and Constitutional Rights.

25.

      It was at this point that the tow truck driver stopped and Plaintiff asked Defendant Dalias,

tow truck driver, why he was stealing Plaintiff's vehicle. Plaintiff proceeded to give dispatch the

information from the tow truck door panel to ensure that information is preserved, in the event

different information is later reported.

26.

      The two police officers went to speak with tow truck driver and told Plaintiff to be quiet

and wait. The male officer then informed Plaintiff that the tow truck driver is repossessing

vehicle for non-payment. The female officer then reiterated same information and stated, when

you don't make your payments they can repossess the vehicle. All Officers were acting under

Color of State when they aided and abetted the commission and completion of a crime of theft of

vehicle and depriving Plaintiff protection of rights and property from Defendants.

27.

Plaintiff is now believing a civil conspiracy is being orchestrated, stemming from Georgia. Plaintiff made the statement of who is behind this illegal repossession to police officers because of two Government helicopters overhead and almost close enough to touch. The male officer stated that Plaintiff was paranoid and that the helicopters were not overhead for Plaintiff.

**28.**

Both officers stated that the tow truck driver has a right to the vehicle. Plaintiff informed officers that the creditor had reported the loan an uncollectible debt, which was charged off with entries upon Plaintiff's credit report in 2012, (See P. Exhibit B), which is a copy of pulled credit report showing $18,900 reported by Defendant Capital One Auto Finance as charged off. The male officer stated, where this document is. Plaintiff stated in the apartment. The officer informed Plaintiff to go retrieve the document. Plaintiff ran back to the apartment, retrieved the document and returned to the circle. Both officers examined the document, which was a copy of Plaintiff's pulled credit report by a company that denied Plaintiff a loan because of contents of the credit report. The officers then received a print out from the tow truck driver and would not allow Plaintiff to see the document. The officers stated the tow truck driver's document is more current than Plaintiff's document so, the tow truck driver can take the vehicle.

**29.**

Plaintiff requested a supervisor and a male supervisor showed up and reiterated what the other two officers stated that the tow truck driver has a right to repossess the vehicle. Plaintiff then requested to retrieve her belongings from the vehicle and the supervising officer stated, Plaintiff can retrieve belongings out of the vehicle, only if Plaintiff gives the key to the vehicle to the tow truck driver. Plaintiff gave the key to tow truck driver after Plaintiff removed belongings

from vehicle. (See P. Exhibit A), which is a copy of the Tort Claim filed with City/County of Indianapolis, IN by Plaintiff.

**30.**

Officers Loyal, Pilkington and Rolinson, continued to state to Plaintiff that this was a civil matter and they, the officers cannot get involved. Defendants IMPD, Officer Loyal, Officer Pilkington and Officer Rolinson, all were acting under Color of State and all displayed Misconduct, unbecoming of officers and willfully deprived Plaintiff of her liberties to enjoy her life and her vehicle and denied Plaintiff protection from a crime.

**31.**

None of the officers appear to have knowledge of Indiana's prior Notice Requirement under 26-2-10-6, which states a 2 hour notice to Sheriff's Department is mandated to be done prior to any attempts to repossess a vehicle in the State of Indiana or two hours after repossession, this was not done by any of the Defendants

**32**

Defendants Capital One Auto Finance, Capital One, Onyx, 5 Star Towing and All American Towing and Recovery all failed to adhere to Do Not Disturb the Peace mandates when repossessing a vehicle in the State of Indiana. Plaintiff telephoned the police department to protect and serve Plaintiff from a theft of vehicle. Plaintiff chased the tow truck, while screaming to the top of Plaintiff's lungs for the tow truck driver to release Plaintiff's vehicle. Plaintiff then debated with Defendants 5 Star Towing and Dalius, the facts of why Plaintiff's vehicle should not be repossessed. All efforts of Plaintiff to retrieve her vehicle were ignored by all Defendants within this paragraph and aided and abetted by Defendants Loyal, Pilkington and Rolinson in the theft of vehicle and deprivation of rights.

**33.**

Defendant Officers Loyal Pilkington and Rolinson aided and abated a crime orchestrated by Defendants Capital One Auto Finance,, Capital One, N.A., Onyx Corporation, 5 Star Towing and All American Towing and Recover, by not ordering All Defendants within this paragraph to return vehicle to Plaintiff because all Defendants within this paragraph were disturbing the peace and failed to give notice to the Sheriff's Department 2 hours prior to repossession, or notice to IMPD or its officers during the illegal repossession. Attempts at legal repossession became illegal and now a Theft of Vehicle, when Plaintiff's Constitutional Rights willfully violated by All Defendants, by depriving Plaintiff her liberties to enjoy her life and enjoy her vehicle and be able to receive Due Process hearing prior to Defendants IMPD, Officers Loyal, Pilkington and Rolinson, allowing Defendant Darius to have possession of vehicle.

**34.**

Plaintiff made contact with Capital One Auto Finance after Plaintiff researched and investigated the circumstances of the illegal repossession. Defendant Capital One Auto Finance mailed Plaintiff their confirmation of Repossession (P. Exhibit C).

**35.**

Defendant Capital One Auto Finance assigned Plaintiff's claimed delinquent amount to United Recovery Systems for collection of now, $21,838.15 as of November, 12, 2014. (See P. Exhibit D).

**36**.

Defendants Capital One Auto Finance, Capital One and Onyx altered the charged off amount on Plaintiff's credit report from $18,900 in 2012 to $14,702 in 2015. All Defendants

within this paragraph did not submit an amount of $21,838.15 upon Plaintiff's credit report as being the amount in collection with collection agency. (P. Exh. E).

**37.**

Plaintiff sent written request to United Recovery Systems, requesting proof of debt and United Recovery sent Plaintiff several documents. One of which is the Explanation of Calculation of Surplus or Deficiency dated June 25, 2014 and addressed to Plaintiff (See. P. Exhibit E). However, the Deficient notice was mailed to P.O. Box 3615, Lilburn, GA 30048-3615 and not to Plaintiff at 8260 Bentwood Circle, E. Drive, Indianapolis, IN, which is the address the illegal repossession took place. And, the address that Defendant Capital One Auto Finance was well aware as Plaintiff's current address. The Deficiency Notice also state that $21,838.15 is the deficient amount claimed owed by Plaintiff.

**38.**

Repossession law mandates that the Deficiency Notice is required to be mailed to Plaintiff in order to legally give Plaintiff the opportunity to cure the Deficiency or dispute the Deficiency. Defendant Capital One Auto Finance mailed the notice to Plaintiff's old address in Lilburn, Georgia and not to Plaintiff's address where the illegal repossession took place, or to Plaintiff's mailing address, for which Capital One Auto Finance has been communicating to Plaintiff via mail and communicated at the physical address of Plaintiff where illegal repossession took place. Plaintiff thus, never received Deficiency Notice in time to cure Default.

**39.**

Plaintiff did not receive the Deficiency Notice from Capital One Auto Finance, Capital One, N.A. or Onyx. For the failure of Defendants Capital One Auto Finance, Capital One, N.A.

12

and Onyx to provide mandated Notice, Plaintiff do not owe any amounts to Defendants within this paragraph.

**40**.

Deficiency notice received around December 2014 or January 2015, well after the mandated time to receive it from Defendant Capital One Auto Finance, after illegal repossession on May 9, 2014.

**40b**.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx also failed to give mandatory Notice of Intent to Sale to Plaintiff prior to selling Plaintiff's vehicle to give Plaintiff the opportunity to regain possession. The fact that All Defendants within this paragraph failed to give mandatory notices to Plaintiff is further proof of civil conspiracy by all Defendants to illegally deprive Plaintiff of her property and her liberties.

**41**.

Plaintiff retrieved a copy of credit report on May 8, 2015 and noticed that Defendant Capital One Auto Finance is now claiming a reduced amount for charge off debt (PRL). The amount of $14,702 now claimed due. (See P. Exhibit G), copy of page 2 of Plaintiff's credit report. Plaintiff did not receive a Deficiency Statement for this new charged off amount either, nor did Plaintiff make any payments in June 2014, as stated by Defendant Capital One Auto Finance within Plaintiff's page 2 credit report (P. Exh. G).

**42**.

IRS Publication 535 details mandates of charged off debts and Defendants Capital One Auto Finance, Capital One, N.A. and Onyx failed to adhere to mandates of federal law when receiving a submitted credit for uncollectible debts and thus committed fraud against Plaintiff.

43.

Plaintiff has a remedy when Defendants within this paragraph committed fraud to receive credit for a debt written off their books and the same Defendants then received monetary compensation for the deficiency sale of Plaintiff's vehicle in the amount of $4500.00.

44.

Defendants Capital One Auto Finance, Capital One, N.A., and Onyx then reinstated the Deficiency amount onto Plaintiff's credit report again to receive duplicate credit under IRS Publication 535. This was deliberate fraud to cause Plaintiff financial and credit harm.

45.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx all willfully and with wanton of care violated I.R.C. Section 7206 and caused financial, economic and harmful credit to Plaintiff. As, Plaintiff has been deprived of good credit standing and has been affected by the fraud of all Defendants within this paragraph.

46.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx violated 18 U.S.C. Section 287 by fraud on the Government and fraud against Plaintiff.

47.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx violated 18 U.S.C. Section 287. By submitting false, fraudulent and fictitious claims to the IRS, while committing fraud on Plaintiff by reporting fraudulent monetary amounts to the IRS claiming they are uncollectible monies that Plaintiff failed to pay.

48.

Plaintiff timely filed Tort Claim for Property Damage, Personal Injury and Theft of Vehicle against the Indianapolis Police Department and three (3) officers, to the Office of Corporation Counsel of Indianapolis, IN. (See P. Exhibit A), which is a copy of the actual complaint Plaintiff filed to recover from illegal repossession. The Office of Corporation Counsel Denied Plaintiff's Tort Claim on February 11, 2015 (See. P. Exhibit F). Plaintiff now timely files this Civil Action to Recovery from Damages from all Defendants individually and collectively.

**49.**

Defendants Capital One Auto Finance, Capital One and Onyx stated on Plaintiff's credit report (P. Exh. G), that Plaintiff made a payment on June 23, 2014 when in fact Plaintiff made no payments since early 2012. All Defendants violated Federal statute of Fair Debt and Reporting Act by falsifying then altering legal information on Plaintiff's credit report, all while All Defendants within this paragraph received debt charge off credit from the Federal Government.

**50.**

All Defendants were negligent towards Plaintiff by their willful and wanton conduct by failing to return the vehicle to Plaintiff, during or after the fact of Plaintiff calling the police, chasing the tow truck, screaming and running behind the tow truck, while disturbing the peace at 11:30 p.m. on May 9, 2014. The majority of screaming and running was recorded by Indianapolis Police Department dispatch.

**51.**

All Defendants violated Plaintiff's rights to ownership of vehicle, by depriving Plaintiff of liberty and property without Due Process of law. And, by causing Plaintiff financial and economic harm by depriving Plaintiff of the use of her vehicle since May 9, 2014. All

Defendants illegal behavior and decisions made against Federal law, in group efforts of an illegal

civil conspiracy to deprive Plaintiff of her vehicle.

**52.**

All Defendants conduct was arbitrary and capricious towards Plaintiff, with deliberate

intent to deprive Plaintiff of her vehicle and attempt to send Plaintiff into bankruptcy court.

**COUNT I**

**VIOLATIONS OF 42 U.S.C. CODE, SECTION 1985**

**53.**

Plaintiff incorporates, restates and re-alleges 1 through 52 of this Complaint as though the

same were fully set forth herein.

**54.**

All Defendants stole Plaintiff's vehicle by not following the law when attempting to

repossess Plaintiff's vehicle. Defendants Dalius, 5 Star Automotive and All American Towing

were trespassing at Plaintiff's apartment when Dalius stole Plaintiff's vehicle with the

permission of Defendants IMPD and Officers Loyal, Pilkinson and Rolinson. Thus, all

Defendants jointly and severely deprived Plaintiff of protection of her Constitutional Rights and

equal protection of laws by depriving Plaintiff of the enjoyment and necessity of her vehicle and

being thrust into public transportation which has caused financial and economic hardship on

Plaintiff.

**55.**

Defendants Loyal, Pilkington and Rolinson are officers of the IMPD were acting under

Color of State and are under a code of conduct to protect and serve the citizens of Indianapolis

under Federal and State laws. All Defendants within this paragraph failed to protect and serve

Plaintiff Parker and they aided and abated all other Defendants in the completion of illegal acts

of theft of vehicle and disturbing the peace. All Defendants within this paragraph are law officers

of the City of Indianapolis and were under the authority of State and Federal mandates to uphold

the law at all times as their custom to perform their duties as police officers. All Defendants

conduct was injurious to public peace and prejudicial to Plaintiff.

**56**.

      Defendants Loyal, Pilkington and Rolinson failed to honor their code of conduct and

failed to adhere to mandates of Indiana Code 5-2-1-17 (2) and (1) as Police Officers to obey and

adhere to all Federal laws and State laws of Indiana, including the Sheriff's Department Statute

of two (2) hours' notice prior to repossession or two (2) hours notice after repossession. All

Defendants within this paragraph should have been aware of the 2 hour mandate and knowing

that Defendants All American Towing, 5 Star Automotive and Dalius did not follow mandates of

2 hour notice was enough for the Officers to perform their duty and return vehicle back to

Plaintiff while informing all other Defendants to take Plaintiff to Court to determine rights.

**57**.

      Defendants Loyal Pilkington and Rolinson, all acting under Color of State, entered into a

civil conspiracy with Defendants Capital One Auto Finance, Capital One, N.A. Onyx, All

American Towing, 5 Star Automotive and Dalius, the driver, to violate Plaintiff's Due Process

Right which mandates a hearing be held prior to unjustified deprivation of property belonging to

Plaintiff.

**58**.

      As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**59**

Plaintiff incorporates, restates and re-alleges 1 through 58 of this Complaint as though the same were fully set forth herein.

**60.**

**COUNT II**

**CIVIL CONSPIRACY and CONSPIRACY OF DENIAL OF RIGHTS UNDER 18 U.S.C. SECTION 241**

**61.**

Plaintiff incorporates, restates and re-alleges 1 through 60 of this Complaint as though the same were fully set forth herein

**62**.

A civil conspiracy is an unlawful objective to be achieved by illegal means to gain possession of property; which was the violations of Plaintiff's Civil and Due Process Rights which resulted in the theft of Plaintiff's vehicle. As stated in #22-59.

**63**.

The agreement of the objective or means to achieve the objective by All Defendants constitutes a civil conspiracy. All Defendants, including the IMPD, and all three Officers, who were acting under Color of State, aided and abetted the completion of the civil conspiracy, which had an end result to remove Plaintiff from being in possession of her vehicle. All attempts to a legal repossession failed in view of all attached exhibits and none existence that Defendants Capital One Auto Finance, Capital One, N.A., Onyx, provided Officers Loyal, Pilkington and Rolinson with documented proof of Notices sent to Plaintiff prior to repossession or evidence that Sheriff's Department was contacted 2 hours prior to repossession. Thus a crime was

18

committed of Theft of Vehicle after deprivation Constitutional laws done against Plaintiff,

deliberately with fraudulent intent by Defendants IMPD, Officers Loyal, Pilkington and

Rolinson.

**64.**

     For a civil conspiracy to be commenced, there must be an overt act, which is in the

furtherance of the conspiracy and the resulting injury and damages, which left Plaintiff without

her vehicle and deprived Plaintiff of protection under Federal laws and injured Plaintiff to her

person and property.

**65.**

     A civil conspiracy claim against All Defendants, do not stand alone but is founded upon

damages that a party sustains because of the conspiracy. Plaintiff sustained personal damages,

which was the loss of vehicle, injuries to her left knee and financial and economic hardship and

the denial of Constitutional Rights of Due Process, liberty and being given a hearing in a Court

of Law, prior to taking of property.

**66.**

     It does not matter at what stage each conspirator entered the civil conspiracy and each are

jointly and severely liable for each act done by the other conspirators. All Defendants joined into

the conspiracy at different stages after Defendants Capital One Auto Finance, Capital One, N.A.

and Onyx went into contract with Defendants Dalius, as driver, All American Towing and

Recovery and 5 Star Automotive Services.  Plaintiff made emergency call and was not protected

or receive assistance from Defendant Officers Loyal, Pilkington or Rolinson, for a crime of theft

in progress. All Defendant Officers aided and abetted in the deprivation of Plaintiff's

Constitutional Rights to enjoy her life with liberties and remain in possession of her property. It

is a pattern and practice of Defendant IMPD which caused Defendant Officers Loyal, Pilkington and Rolinson, to act under Color of State,  and then willfully violate Plaintiff's protected rights, which should warrant an investigation for Police Misconduct.

**67.**

At a minimum, a hearing should have been stated by Defendants Officers Loyal, Pilkington and Rolinson, to be required prior to allowing Defendants Dalius, Capital One Auto Finance, Onyx, All American Towing and Recovery and 5 Star Automotive Services, to have possession of the Plaintiff's vehicle. Defendants Officers Loyal, Pilkington and Rolinson all stated, that this was a civil matter and they cannot get involved and yet they, while acted in the performance of their duty and practices with IMPD, failed to protect and serve Plaintiff in her time of need in an emergency situation which was by Plaintiff utilizing 911 emergency line to Defendant IMPD, to summons police officers to stop theft of vehicle.

**68.**

Defendant IMPD and Officers Loyal, Pilkington and Rolinson has been given the powers by Indiana Code and Federal laws to act and proceed according to law to ensure that Plaintiff is protected at all times from any and all harm on person or property. All Defendants within this paragraph aided and abetted the execution of illegal acts, while all Defendants within this paragraph were acting under Color of State, which violated Plaintiff's Constitutional Rights of Due Process and protection from illegal crimes of theft of vehicle and Constitutional Rights Conspiracy to Deny protected rights to Plaintiff to enjoy liberties founded upon the mandated Rights.

**69.**

All Defendants operated together under Color of Law, to conduct an illegal repossession with the intent to gain possession of Plaintiff's vehicle by illegal means and violate Plaintiff's Constitutional Rights of Due Process and protection from crimes by Officers of Law. Plaintiff attempted to direct Defendants, Officers Loyal, Pilkinson and Rolinson to the law, even after Defendant Officers commanded that Plaintiff turn over keys to lead Officer to give to Defendant Dalius. Defendant Officers were acting under Color of Law with their willful violations of Plaintiff protected rights. All Defendant Officers believed their actions were justified under the law.

**70.**

Plaintiff was followed by vehicles and by helicopters on the May 9, 2014 for vehicle to be stolen in the manner it was. The entire theft was premeditated and completed by individuals who were well aware of the law and mandated to follow the law to ensure property and rights of Plaintiff were protected at all times. All Defendants conspired to violate Plaintiff's Constitutional Rights of enjoying her property, enjoying her life and receiving Due Process of a hearing before property vehicle was taken from Plaintiff by illegal means.

**71.**

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically, financially, and emotionally, in an amount to be determined at trial.

**COUNT III.**

**BREACH OF DUTY AND PEACE and VIOLATING 42 U.S.C. SECTION 1983**

**72.**

Plaintiff incorporates, restates, and re-alleges 1 through 71 of this Complaint as though the same were fully set forth herein.

**73.**

A breach of the peace and duties occurs: when peace is disturbed in a way that is too forceful and creates damage to an individual or property as stated in #12, 22-71.

**74.**

Defendants IMPD, Loyal, Pilkinson and Rolinson breached their duties as police officers with IMPD, while acting under Color of Law, in their disregard to Federal and State laws on disturbing the peace and returning property to Plaintiff when Plaintiff disputed repossession over and over again verbally and physically while chasing tow truck and Defendant Dalius. All Defendants within this paragraph lost sight of their official duties as Officers of the Court, as they perpetrated being judge and jury, and ruling against Plaintiff because of dates on paperwork. (See P. Exh.A). Plaintiff was damaged by the breach of the peace and violation of her Constitutional rights by all Defendants as stated in #22-74.

**75.**

All Defendants, while acting under Color of State and customs and practices of Defendant IMPD, Officers Loyal Pilkinson and Rolinson failed to follow operating procedures of the IMPD and failed to honor their Code of Conduct and preserve the peace, maintain order and prevent unlawful use of force or violence or any other unlawful conduct on person or property of Plaintiff by allowing illegal repossession by self-help tactics of Defendants Capital One Auto Finance, Capital One, N.A., Onyx Corporation, All American Towing and Recovery, Dalius, the driver of tow truck and 5 Star Automotive Services, LLC

**75b.**

Any person, who under color of any law, subjects a person to the deprivation of any rights or property, while acting under Color of Law, the party so injured has a remedy at law to

recover for damages and willful violaitions of Constitutional Rights. Plaintiff was damaged by

illegal acts and omissions by all Defendants jointly and severely by stealing Plaintiff's vehicle by

illegal means and failing to give Plaintiff an opportunity to plead her cause at a Due Process

hearing in a Court of Law, and not on the streets as conducted by Officers of IMPD.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

**COUNT IV.**

**VIOLATIONS OF FAIR DEBT AND COLLECTION ACT, 15 U.S.C. SECTION 1692**

**76.**

Plaintiff incorporates, restates, re-alleges and newly allege 1 through 75b of this

Complaint as though the same were fully set forth herein

**77.**

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx, all failed to follow

regulations in collection of a debt, claimed owed by Plaintiff. All Defendants within this

paragraph deliberately falsified information and altered reported information to hinder any future

attempts of Plaintiff to recover from illegal repossession of vehicle after all Defendants self-help

tactics. All Defendants, within this paragraph, attempted to collect fraudulent amounts claimed

owed by Plaintiff by increasing and decreasing amounts at their will. All Defendants within this

paragraph violated 18 U.S.C. Section 287,  by making false and fictitious claims to IRS and

credit bureaus to cause legal and financial harm to Plaintiff-on  purpose as stated in #22-76. All

Defendants collection attempts on claimed debt went beyond the law, into self-help and free will.

**78.**

Defendants Capital One Auto Finance, Capital One, N.A., Onyx Corporation, failed to give prior Notice to Plaintiff of repossession or collection of claimed debt and for failure to do so, caused and subjected Plaintiff to a less than favorable credit standing and reputation.

**78b**.

Because Defendants Capital One Auto Finance, Capital One, N.A. and Onyx Corporation failed to mail to Plaintiff's current address, the Notice of Deficiency or Notice of Intent to Sale Vehicle, Plaintiff is not liable or responsible for any amounts claimed owed to all Defendants within this paragraph.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial.

**COUNT V.**

**VIOLATION OF FAIR DEBT AND REPORTING ACT 15 U.S.C. SECTION 1681**

Plaintiff incorporates, restates, re-alleges and newly allege 1 through 78 of this Complaint as though the same were fully set forth herein

**79**.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx committed civil liability under FDRA by reporting to all three (3) credit bureaus fraudulent information which has harmed Plaintiff's credit standing and credit worthiness. The fraudulent reporting of information by all Defendants within this paragraph has caused Plaintiff to receive less than favorable credit reputation and caused Plaintiff mental and physical anguish as Plaintiff attempt to remove all negative and unsubstantiated negative reporting by all Defendants within this paragraph,

**80**.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx were willfully negligent and in willful noncompliance of 15 U.S.C. Section 1681n and 1681o.

**81.**

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx failed to send Plaintiff notice pursuant to 15 U.S.C. Section 1681 a (p), prior to or no later than 30 days of furnishing negative information to consumer reporting agencies stating Deficiency amount claimed owed by Plaintiff, when no amount owed since failure to supply mandated Notices prior to repossession and prior to sale and prior to submitting information to credit reporting agencies to Plaintiff, constitutes Federal law violations by All Defendants, as stated in #28-80.

**81b.**

Because Defendants Capital One Auto Finance, Capital One, N.A. and Onyx failed to give mandatory prior Notice to Plaintiff of their intent to furnish negative information to consumer reporting agencies, Plaintiff is not liable for any amounts claimed owed to Defendants within this paragraph.

**82.**

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial.

**COUNT VI.**

**VIOLATIONS OF IRS CREDIT FOR DISCHARGED DEBT UNDER PUBLICATION 535, RELATING TO I.R.C. SECTION 7206 and 18 U.S.C. SECTION 287**

**83.**

Plaintiff incorporates, restates and re-alleges and newly state Paragraphs 1 through 82 of this Complaint as though the same were fully set forth herein.

**84.**

Defendants Capital One Auto Finance, Capital One and Onyx all committed fraud in their attempts to receive discharged debt credit from the Federal Government. All Defendants within this paragraph reported discharged debt right off in 2012 onto Plaintiff's credit report and then reported a smaller amount in 2015, onto Plaintiff's credit report and never reported the claimed amount owed that was assigned to collection in November 2014 of $21,83.15 (See. P. Exh. D). All Defendants within this paragraph has deliberately caused undue hardship to Plaintiff as Plaintiff is attempting to clear up credit from all false and fraudulent entries by Defendants Capital One Auto Finance, Capital One, N.A. and Onyx.

**85**.

Defendants Capital One Auto Finance, Capital One, N.A. and Onyx received write off credit for claimed debt owed by Plaintiff. When in fact All Defendants within this paragraph then received monetary amount of Deficiency of $4500.00 from illegal sale of Plaintiff's vehicle and then All Defendants within this paragraph then made a double entry onto Plaintiff's credit report to receive yet another write off credit from the IRS. Actions by all Defendants within this paragraph constitutes fraud against the Government and fraud on Plaintiff, as stated in #35-85.

As a consequence to actions of All Defendants and their failure to act legally Plaintiff has been damaged economically and financially, in an amount to be determined at trial.

**86.**

Plaintiff incorporates, restates, re-alleges and newly state, Paragraphs 1 through 85 of this Complaint as though the same were fully set forth herein,

**87.**

**COUNT VII**

**VIOLATION OF DUE PROCESS, the FIFTH AND FOURTEENTH AMENDMENT**

Plaintiff incorporates, restates, re-alleges and newly state, Paragraphs 1 through 87 of this

Complaint as though the same were fully set forth herein,

**88.**

All Defendants willfully violated Plaintiff's Procedural Due Process, Substantive Due

Process and Fundamental fairness, while acting under civil conspiracy to deprive Plaintiff of

protected rights under the United States Constitution, to ensure Plaitniff is protected and treated

fairly under the law and to not be deprived of liberties or property without Due Process of law.

All Defendants deprived Plaintiff of enjoyment of her life and took away property of Plaintiff,

deliberately, without Due Process of Law and while deliberately violating protected rights of

Plaintiff. Defendant Officers failed to assist Plaintiff to stop a crime of theft of vehicle, to return

vehicle back to Plaintiff because repossession became illegal when vehicle still on ground when

Plaintiff called 911 and ran after tow truck and driver, as stated in #22-88.

**88b.**

Defendant Officers Loyal, Pilkington and Rolinson, along with Defendant Dalius,

huddled together and away from Plaintiff, examined documents Defendant Dalius printed out

from within his truck, all Defendants within this paragraph then had a secret conversation that

Plaintiff was denied privy to and then all Defendant Officers denied Plaintiff Parker her request

to view and read the document and All Defendant Officers then proceeded to render judgment

against Plaintiff by giving vehicle and keys to Defendant Dalius based upon information

appearing on secret document produced by Dalius. (see P. Exh. 1, pgs.3-5) and #22-88b of this

Amended Complaint.

**89**.

      Defendants IMPD and Officers Loyal, Pilkington and Rolinson, are Officers of the Court,

each operated under the official policies, practices, customs and usage of the IMPD, and all acts

and edicts may fairly be said to represent those policies, practices, customs and usages, when a

citizens summons police officers by calling 911. Plaintiff dialed 911, all Defendants within this

paragraph responded to 911 call and all Defendants within this paragraph proceeded arbitrarily

and capriciously and rendered judgment against Plaintiff on the streets and thus deprived

Plaintiff of liberty, property and immunities under the protection of the general rules which

governs actions and authorities of police officers, in the furtherance of a crime of theft of vehicle

as stated in #22-89.

**90**.

      As a consequence to actions of All Defendants and their failure to act legally Plaintiff has

been damaged economically and financially, in an amount to be determined at trial.

      **WHEREFORE**, Restated and newly stated: Plaintiff respectfully prays that process issue

as the law provides and for the following relief:

    a.   Judgment against all Defendants jointly and severely for Plaintiff's actual damages,

        which is replacement vehicle in the amount of $45,000.00 plus transportation and

        damages of expenses since May 10, 2014 and ongoing,

    b.   Judgment against all Defendants, jointly and severely for Plaintiff's cost to defend

        this action,

c.  Judgment against all Defendants jointly and severely for pain and suffering through this entire matter,

d.  Judgment against all Defendants, jointly and severely for pre-judgment and post-judgment interest,

e.  Judgment against all Defendants, jointly and severely for treble damages,

f.  That this Court order removal of all negative financial reporting information relating to Plaintiff, from all public/private records, credit bureaus, agencies and entities, reported by Defendants Capital One Auto Finance, Capital One, N.A. and Onyx and any and all of their affiliates since repossession was actually theft of vehicle by illegal means,

g.  For any and all other relief as the Court deems as just and proper.

Respectfully submitted this 13th day of July, 2015.

*Brenda Parker*

Brenda Parker, pro se
1427 W. 86thStreet, #609, Indianapolis, IN 46260, 317-918-5574

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Brenda Parker,                                    CIVIL ACTION #_____
     Plaintiff                                **AMENDED COMPLAINT**

v.

Capital One Auto Finance, Capital One, National Association, N.A.
Onyx Acceptance Corporation, 5 Star Automotive Services, LLC, Dalias_____
All American Towing and Recovery, LLC
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,
     Defendants

## **DEMAND FOR JURY TRIAL RESTATED**

Plaintiff Brenda Parker hereby make DEMAND FOR JURY TRIAL.

This _____ day of JULY, 2015

Respectfully,

*Brenda Parker*

Brenda Parker, pro se
1427 W. 86th Street, #609
Indianapolis, IN  46260
317-918-5574

30