**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRENDA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:15-CV-00826-JMS-TAB |
| ) | |
| CAPITAL ONE AUTO FINANCE, A ) | |
| DIVISION OF CAPITAL ONE, N.A., ONYX ) | |
| ACCEPTANCE CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Capital One Auto Finance, a division of Capital One N.A., ("Capital One") and Onyx Acceptance Corporation ("Onyx") (collectively, "Defendants"),[1] by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7-1(b), respectfully submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint.

**ALLEGED FACTS**

Following this Courts' screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the only claims remaining against Defendants allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* (Filing No. 21 at 5.) Nevertheless, it is not

---

[1] Plaintiff does not allege that Onyx engaged in any conduct in this case individually but merely that it is "affiliated with Capital One Auto Finance and Capital One, N.A." and, hence, treats the entities as interchangeable. (Filing No. 11 at 2.) Nor does she allege that her admittedly delinquent debt was assigned to Onyx for collection. (*See* Filing No. 11 at 11.) Indeed, Onyx was acquired by Capital One in 2013, and combined with Capital One Auto Finance.

entirely clear from the Amended Complaint which provisions of each act Plaintiff claims were violated. Plaintiff alleges that Defendants violated the FDCPA by attempting "to collect fraudulent amounts claimed owed by Plaintiff by increasing and decreasing amounts at their will" and by "fail[ing] to mail to Plaintiff's current address"[2] notices related to the repossession and sale of her vehicle. (Filing No. 11 at 23-24.) However, nowhere does Plaintiff even allege, nor could she, that Defendants are "debt collectors" regulated by the FDCPA.

Similarly, Plaintiff asserts that Defendants "committed civil liability" by reporting to credit reporting agencies ("CRAs") "fraudulent information which has harmed Plaintiff's credit standing and credit worthiness" and by failing to send her notice prior to "furnishing negative information" to the CRAs. (Filing No. 11 at 24-25). Yet under the FCRA, neither of these claims gives rise to a private cause of action. Accordingly, Plaintiff's remaining claims fail to state a viable cause of action, and therefore Plaintiff's Amended Complaint should be dismissed with prejudice.

---

[2] In the Amended Complaint, Plaintiff describes how she obtained financing from Capital One to purchase a vehicle while living in Georgia but subsequently moved to Illinois and then Indiana. (Filing No. 11 at 5-7.) She claims that Capital One "was aware of Plaintiff's residency issues from Illinois to Indiana." (Filing No. 11 at 5-6.) However, Plaintiff attached to her Amended Complaint a sworn statement that was submitted to the State of Indiana and dated November 4, 2014, in which she avers that "Capital One Auto do [sic] not have knowledge of my address in Indianapolis, IN, to this date of submission of this Tort Claim." (Filing No. 11-3 at 5.) Hence, the claims in Plaintiff's Amended Complaint that she informed Capital One of her current address conflict with this sworn statement. *See Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006) (finding "where an exhibit conflicts with the allegations of the complaint, the exhibit typically controls").

**ARGUMENT**

I.  **PLAINTIFF'S CLAIMS FOR VIOLATION OF THE FDCPA SHOULD BE DISMISSED.**

The FDCPA distinguishes between "debt collectors" and "creditors" and applies only to debt collectors. 15 U.S.C. § 1692a(4), (6); *see also McKinney v. Cadleway Properties*, 548 F.3d 496, 498, 500-501 (7th Cir. 2008) (finding the "FDCPA covers debt collectors, not creditors, and these categories are 'mutually exclusive'"). The statute defines "debt collectors," as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who regularly collects debts owed to another. *Id*. § 1692a(6). Conversely, a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692a(4). Defendants clearly fall into the latter category.

Although Plaintiff claims that Defendants violated some unspecified provision of the FDCPA, she does not allege that Defendants are debt collectors subject to the regulations of the FDCPA. (Filing No. 11 at 5, 23-24.) In fact, Plaintiff specifically states in her Amended Complaint that she "defaulted on the loan payments" for her vehicle prior to the repossession "in which the *Creditor*, Capital One Auto Finance did in fact repossess Plaintiff's vehicle." (Filing No. 11 at 5) (emphasis added). Plaintiff makes absolutely no claims that Onyx individually attempted to collect *any* debt from her, but merely alleges that it is "affiliated" with Capital One. (Filing No. 11 at 2, 6-7); *see also* 15 U.S.C. § 1692a(6)(B) (excluding "affiliated" entities from the definition of debt collectors if they are collecting a debt on behalf of their "affiliated" entity).

Hence, Plaintiff has not only failed to allege that Defendants are "debt collectors" subject to the FDCPA, but she also specifically admitted that they are "creditors" and not

3

debt collectors. Therefore, accepting the truth of Plaintiff's allegations, her FDCPA claim fails as a matter of law and should be dismissed. *See Baker v. Capital One Bank (USA), N.A.*, 2012 WL 5930094, at *1 (S.D. Ind. Nov. 26, 2012) (dismissing plaintiff's FDCPA claim, finding that "Capital One is not a debt collector for purposes of the FDCPA[,] [r]ather, it is a creditor").

## II.     PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE FCRA SHOULD BE DISMISSED.

Both of Plaintiff's claims under the FCRA should be dismissed as a matter of law because they allege violations of 15 U.S.C. § 1681s-2(a), and Plaintiff does not have a private right of action to enforce alleged violations that Section. Plaintiff first alleges that Defendants violated the FCRA by willfully providing "fraudulent information" to CRAs, supposedly to "hinder any future attempts of Plaintiff to recover from illegal repossession." (Filing No. 11 at 23-24.) Consequently, Plaintiff is alleging that Defendants violated Section 1681s-2(a)(1)(A), which prohibits a furnisher of credit information from providing information to a CRA "if the person knows or has reasonable cause to believe that the information is inaccurate." But even if Defendants provided inaccurate information to a CRA, Section 1681s–2(c) specifically exempts violations of Section 1681s–2(a) from private civil liability; only designated "Federal agencies" and "State officials" can enforce that section. 15 U.S.C. § 1681s-2(c), (d); *see also Lang v. TCF Nat'l Bank,* 338 Fed. Appx. 541, 544 (7th Cir. 2009) (finding section 1681s-2(a) provides no private right of action).

Plaintiff's second alleged violation of the FCRA contains the same fatal defect. Plaintiff claims that Defendants failed to send her notice within 30 days of furnishing negative information to a CRA. (Filing No. 11 at 25.) While Plaintiff alleges that this violated Section 1681a(p), that Section actually just defines the term "consumer reporting agency

4

that compiles and maintains files on consumers on a nationwide basis." 15 U.S.C. § 1681a(p). What Plaintiff is actually alleging is a violation of Section 1681-s2(a)(7), which requires a furnisher of credit information to provide notice to a consumer within 30 days of reporting negative information. *See* 15 U.S.C. § 1681s-2(a)(7). However, here again, Plaintiff has no private right of action for violations of Section 1681s-2(a). *Id.* at § 1681s-2(c). Accordingly, even accepting the truth of Plaintiff's allegations, her claims under the FCRA fail as a matter of law and should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants Capital One and Onyx respectfully request that the Court grant their Motion to Dismiss, dismiss Plaintiff's Amended Complaint with prejudice, and provide Defendants any further relief the Court deems just and appropriate.

                                              Respectfully submitted,

                                              CAPITAL ONE, N.A. and
                                              ONYX ACCEPTANCE CORPORATION

                                              By: /s/ James J. Morrissey
                                                   One of their attorneys

Jeffrey D. Pilgrim
James J. Morrissey
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 280-0441
Fax (312) 939-0983

Case 1:15-cv-00826-JMS-TAB   Document 26   Filed 09/18/15   Page 6 of 6 PageID #: 143

**CERTIFICATE OF SERVICE**

      James J. Morrissey, an attorney, certifies that on September 15, 2015, he electronically filed the foregoing **Defendants' Memorandum in Support of their Motion to Dismiss** with the Clerk of Court by using the CM/ECF system, and also placed the same in the U.S. Mail at 321 North Clark Street, Chicago, Illinois 60654 with proper postage paid to:

    Brenda Parker
    1427 W. 86th Street, #609
    Indianapolis, IN 46260

                          /s/ James J. Morrissey