IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Brenda Parker,
    Plaintiff

CASE NO.1:15-cv-0826 JMS-TAB

v.

Capital One Auto Finance, Capital One,
Onyx Acceptance Corporation,
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,
    Defendants

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Comes now Plaintiff in the above civil action and files her Response to Defendants' Motion to Dismiss, pursuant to INSD, Local Rule 7-1(c) and the three (3) day rule allowed for responding to pleadings received by mail.

The purpose of a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

Plaintiff states this Court conducted the required screening of Plaintiff's Amended Complaint and directed Defendants to file an answer to the Amended Complaint after the Defendants' requested and received an extension to answer Complaint. Defendants have frivolously filed a Motion to Dismiss at the pleading stage, instead of filing their answer to the

entirety of the Amended Complaint, to now attempt to have this matter Dismissed with Prejudice.

Plaintiff provided sufficient facts, stated claims and stated relief sought to warrant proceeding with the above matter. The Court takes judicial notice of all facts contained in all Exhibits attached to and including with Amended Complaint and must shed the best, favorable light on Plaintiff and her claims.

Dismissal under FRCP 12(b)(6) should not be entered for failure to state a claim unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of claims; Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002). Plaintiff has stated within Amended Complaint and attached documented evidence in support of Amended Complaint, to reveal all Defendants are liable under the viable claims to move forward.

The Court must construe the complaint liberally, which this Court completed in its screening and this Court did in fact afford Plaintiff reasonable inferences pertaining to the allowed claims alleged. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).

Individual Plaintiffs can recover for violations under 15 U.S.C. Section 1692k and other sub parts thereof, to be determined during discovery to thus pray for punitive damages.

Plaintiff petitions this Court to look beyond the strategically edited version of Statutes submitted by Defendants and consider the sections of the presented Statutes, in their entirety, as presented by Plaintiff.

Plaintiff attaches her sworn Memorandum in Support of Response to Defendants' Motion to Dismiss.

Respectfully submitted this 5th day of October, 2015

Brenda Parker

Brenda Parker, 1427 W. 86th Street, #609, Indianapolis, IN 46260, 317-918-5574