IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Brenda Parker,
    Plaintiff

CASE NO.1:15-cv-0826 JMS-TAB

v.

Capital One Auto Finance, Capital One,
Onyx Acceptance Corporation,
Indianapolis Marion County Police Department, (IMPD)
Officer Loyal in official and individual capacity
Officer Pilkington in official and individual capacity
Officer Rolinson in official and individual capacity,
    Defendants

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**PLAINTIFF'S REPONSE TO DEFENDANT'S ARGUMENT 1:**

Defendants failed to cite the entire content of 15 U.S.C. Section 1692a (4) and (6) which is fatal to Defendants:

(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails

3

in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

Defendants Capital One and Onyx falls under the provisions as outlined above. Defendants are creditors/collectors who collected Plaintiff's vehicle directly and indirectly and utilized Capital One Auto Finance and Onyx to do so. Defendants had utilized a collection agency from the initial notice sent to Plaintiff, whereby Plaintiff disputed the claimed debt. Discovery will reveal the relationship of Defendants with the collection agency and why Defendants acted as their own collection agency, to subsequently commit fraud to collect Plaintiff's vehicle and report fraudulent information to credit reporting agencies. Once Defendants answer the Amended Complaint, it would be during discovery that Plaintiff can find out if and why the collection agency left the

scene of collections for Defendants. And also, to determine during discovery if the collection agency is required to be made a party to this action by leave of court.

Again, Defendants failed to cite the entire content of 15 U.S.C. Section 1692 a(6)(B); which covers "persons acting as a debt collector for another person.

B) any person while acting as a debt collector for
another person, both of whom are related by common
ownership or affiliated by corporate control,
if the person acting as a debt collector does so only
for persons to whom it is so related or affiliated and
if the principal business of such person is not the
collection of debts.

The principle business of Capital One and Onyx is not for collection of debts. Capital One and Onyx are not conducting business as in assigner of transfers of a debt as stated under section (4).

Defendants Capital One, N.A., Capital One Auto Finance and Onyx Corporation are all considered persons, as well, under 15 U.S.C. Section 1692 and 15 U.S.C. Section 1681 because they are corporations, operating as a person and being sued as a person: United States Supreme Court in Citizens United v. Federal Elected Commission.

Defendants states in their footnotes- page one- that Capital One acquired Onyx Corporation in 2013. Acquired is defined in Webster's dictionary as; to come into possession or control of. Discovery will reveal that Onyx Corporation is part of Capital One, as is Capital One Auto Finance. Discovery will also reveal the business practices

5

and responsibilities of all three, as to their duties and position under Capital One's umbrella and how they operate under the umbrella.

**PLAINTIFF'S RESPONSE TO DEFENDANTS SECTION II.**

Plaintiff recognizes that Defendants are attempting to direct this Court to provisions under 15 U.S.C. Section 1681-s-2(a); Plaintiff has not stated this provision within Amended Complaint.

Defendants Capital One, N.A., Capital One Auto Finance and Onyx all fall under 15 U.S.C. Section 1681 as liable to Plaintiff because; there is a section under this Title at 1681h(e), which allows a private right of action when Defendants behavior is willful and deliberate as Capital One and Onyx behavior is willful and deliberate and Plaintiff so stated claims of willful, deliberate, fraudulent, wanton care and done with malice throughout Amended Complaint and reiterated, as stated below.

Plaintiff restated and reiterated claims and related back to earlier claims throughout the Amended Complaint, which relate to viable claims under 15 U.S.C. 1681 and 15 U.S.C. Section 1692, allowed by this Court to move forward; No. 43-49, 52, 76-80 and Plaintiff redundantly stated claims which all relate back to No. 22-76, cited under No. 77 of Amended Complaint. Plaintiff cited No. 28-80 under No. 81 and 85 of Amended Complaint.

By Plaintiff filing her Amended Complaint and restating and reiterating willful and wanton conduct of Defendants throughout the complaint, Plaintiff has satisfied the pleading requirements to recover for damages under claims this Court has stated are moving forward under 15 U.S.C. Section 1681 and 1692. Defendants are engaging in statutory construction to attempt to render Plaintiff's claims as meaningless.

6

The reviewing courts have observed that statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant; United States v. Campos-Serrano 404 U.S. 293, 301 n.14 (1971). In construing a statute, the 8th Circuit adopted the "whole act" approach to interpreting statutes, which is needed in this matter. The 8th Circuit adheres to the basic canon of construction observed in Richard v. United States. The 8th Circuit also believe it fundamental that a section of a statute should not be read in isolation from the context of the whole Act. 369 U.S. 1, 11, 82 S. Ct. 585, 591, 7 L.Ed. 2d 492 (1962). Defendants supplied and utilized adverse information on Plaintiff's credit file to illegally recover vehicle and submit amounts to credit reporting agency which has caused a fraudulent blemish on Plaintiff's credit standing. All actions of Defendants were done with willful and deliberate actions to cause economic, financial and emotional harm to Plaintiff.

Plaintiff again request this Court forgive Plaintiff for being redundant in her statements within this matter. Plaintiff again states that we are at the pleading stage and discovery will reveal evidence for production to reveal injury to Plaintiff. The Defendants would then have the option to file for summary judgment if evidence do not support Plaintiff's standing for relief.

Plaintiff also notified and filed required complaint with three (3) reporting agencies back in June 2015, as to the fraudulent information. Notice sent to Capital One and Capital One has not completed their investigation and yet files this Motion to Dismiss, prior to submitting their findings to the credit reporting agencies, and prior to Plaintiff having privy to findings. Plaintiff has not yet made a claim for relief under Section 1681s-2 the matter is still pending with three (3) credit reporting agencies and

with Capital One. Discovery will reveal details of claims under this provision. Plaintiff not required to prove facts, only allege facts at the onset; Id at 466, quoting Vincent v. City Colleges of Chicago, 485 F.3d 919, 923-24 (7th Cir. 2007).

Defendants also attempt to throw shade with their footnote on Plaintiff's submission of (Filing N. 11 at 5-6), statements made by Plaintiff; within the same document Plaintiff states her address at time of repossession-within same document as 8260 Bentwood Circle E. Drive, Indianapolis, IN. Plaintiff also submitted Exhibit from Defendants which reveal on Capital One letterhead that Defendants are in possession of Plaintiff's current mailing address; because Defendants sent mail to Plaintiff, confirming repossession of vehicle at Plaintiff's Indianapolis residence.

Plaintiff has numerous records of communications with Capital One over the years. Plaintiff left the notes in Illinois which were utilized to mark communications and tasks of Plaintiff to Capital One and others, dating back several years. The information was not in Plaintiff's possession when Plaintiff prepared and filed Complaint with the State of Indiana at City/County Building, and Plaintiff did not remember info on all telephone communications to Capital One. Plaintiff went to retrieve the communications from Illinois and thus documented the forgotten communications within the above complaint and Amended Complaint.

Defendants Illegal repossession took place in Indianapolis and not in Georgia. Thereby Capital One and Onyx, were well aware of Plaintiff's location at all times. The vehicle became inoperative in Illinois, when Plaintiff resided there for less than a year and Plaintiff had repairs done to vehicle and relocated to Indianapolis, Indiana in or around March 2013, and was homeless at this time and dependent upon God's Grace

8

and provisions to provide for Plaintiff-which God has always done, according to his will for Plaintiff and not Plaintiff's desires, and here we are.

Discovery will also reveal needed information from Capital One and Onyx that Plaintiff may have forgotten or will be newly discovered information which may warrant amending complaint to include further federal law violations.

**CONCLUSION**

Plaintiff request Defendants' Motion to Dismiss be Denied. Defendant's Motion to Dismiss is frivolous and done solely for the purpose to delay answering complaint. That this Court allow Plaintiff to wait to file for Leave of Court to Amend Complaint until after Defendants answer complaint-if needed. And that this Court Order – that Defendants file their answer to the Amended Complaint immediately and any other further relief this Court deems as just.

Brenda Parker  10-5-15

Brenda Parker, Affiant
Sworn and subscribed before me this 05 day of October, 2015

Samantha Carpenter
Notary Public          My Commission Expires:

SAMANTHA CARPENTER
Notary Public, State of Indiana
Marion County
Commission # 672389
My Commission Expires
September 01, 2023

9

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CASE NO. 1:15-CV-00826-JMS-TAB

## CERTIFICATE OF SERVICE

Plaintiff Parker, certify that I have this day, served a copy of Plaintiff's Response to Defendants' Motion to Dismiss, with Memorandum. Plaintiff has mailed a copy of said filings on same date of filing, on Defendants Capital One and Onyx, by depositing in the United States mail, with adequate postage affixed and addressed as follows:

Pilgrim Christakis, LLP
Attn.: Attorneys Jeffrey D. Pilgrim and James J. Morrissey
321 N. Clark Street, 26th Floor
Chicago, IL 60654

This 5th day of October, 2015

Brenda Parker
Brenda Parker, Plaintiff, pro se
1427 W. 86th Street, #609
Indianapolis, IN 46260
317-918-5574

10