UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, )<br>     *Plaintiff*, )<br> )<br>  vs. )<br> )<br>CAPITAL ONE AUTO FINANCE, )<br>DIVISION OF CAPITAL ONE, N.A., ONYX )<br>ACCEPTANCE CORPORATION, et al. )<br>     *Defendants*. ) | No. 1:15-cv-00826-JMS-TAB |

**ORDER GRANTING MOTION TO DISMISS**

  Presently pending before the Court is Defendants Capital One Auto Finance, a division of Capital One N.A. ("Capital One"), and Onyx Acceptance Corporation's ("Onyx") Motion to Dismiss. [Filing No. 25.] Capital One and Onyx seek dismissal of the claims brought against them by *pro se* Plaintiff Brenda Parker pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). [Filing No. 25; Filing No. 26.] For the reasons detailed herein, the Court grants the Motion to Dismiss and dismisses Ms. Parker's FDCPA and FCRA claims against Capital One and Onyx. [Filing No. 25.]

**I.
STANDARD OF REVIEW**

  Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

1

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

Ms. Parker initiated this action in May 2015 against various defendants. [Filing No. 1.] She is proceeding *pro se* and her Amended Complaint was screened pursuant to 28 U.S.C. § 1915(e)(2). [Filing No. 21 (screening Filing No. 11).] As summarized by the Court's Screening Order, Ms. Parker's claims

> arise out of circumstances surrounding and preceding the repossession of her vehicle in May of 2014. She called the police at the time the vehicle was being towed and told officers that the creditor had "charged off" the debt in 2012 when it reported the car loan to be an uncollectible debt. The officers reviewed papers that the towing company had, determined that the towing company's paperwork was more current than [Ms. Parker's paperwork], and allowed the towing company to repossess her car.

[Filing No. 21 at 2.]

The Court has allowed three claims to continue: Count IV (FDCPA claim against Capital One and Onyx); Count V (FCRA claim against Capital One and Onyx); and Count VII (due process

2

claim pursuant to 42 U.S.C. § 1983 against Defendants City of Indianapolis, Officer Loyal, Officer Pilkington, Officer Rolinson, and driver Dalias). [Filing No. 21 at 7.] Capital One and Onyx have filed a Motion to Dismiss Ms. Parker's claims against them. [Filing No. 25.] Ms. Parker opposes that motion, [Filing No. 34], and it is now ripe for the Court's consideration.

## III.
### DISCUSSION

### A. FDCPA Claim

Ms. Parker's Amended Complaint alleges that Capital One and Onyx violated the FDCPA when they "deliberately falsified information and altered reported information to hinder any future attempts of Plaintiff to recover from illegal repossession of vehicle after all Defendants self-help tactics." [Filing No. 11 at 23.] She contends that they "failed to follow regulations in collection of a debt" and that they "attempted to collect fraudulent amounts claimed owed by Plaintiff by increasing and decreasing amounts at their will." [Filing No. 11 at 23.] Ms. Parker further alleges that Capital One and Onyx failed to mail her a "Notice of Deficiency of Notice of Intent to Sale Vehicle," which she claims makes her "not liable or responsible for any amounts claimed owed." [Filing No. 11 at 24.]

In their Motion to Dismiss, Capital One and Onyx emphasize that Ms. Parker's Amended Complaint asserts that they are "creditors." [Filing No. 26 at 3-4.] They argue that her FDCPA claim fails as a matter of law because the statute only applies to "debt collectors," not "creditors." [Filing No. 26 at 3-4.]

In response, Ms. Parker references the definitions of "creditor" and "debt collector" from the FDCPA. [Filing No. 35 at 1 (citing 15 U.S.C. § 1692a(4) and 15 U.S.C. § 1692a(6)).] After quoting those definitions, Ms. Parker confirms her assertion that "[t]he principle [sic] business of Capital One and Onyx is not for collection of debts." [Filing No. 35 at 3.] Instead, she contends

3

that Capital One and Onyx are creditors that "utilized a collection agency from the initial notice sent to Plaintiff, whereby Plaintiff disputed the claimed debt." [Filing No. 35 at 2.] Ms. Parker requests a chance to determine through discovery "the relationship of Defendants with the collection agency" and "why the collection agency left the scene of collections for Defendants." [Filing No. 35 at 2-3.]

In reply, Capital One and Onyx again point out that Ms. Parker has conceded that they are "creditors" and not "debt collectors." [Filing No. 36 at 2.] Thus, they ask the Court to dismiss Ms. Parker's FDCPA claim. [Filing No. 36 at 2.]

The FDCPA was enacted to combat "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. It "applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008). "[T]hese two categories—debt collectors and creditors—are mutually exclusive." *Id.* at 501 (citing *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003)).

Ms. Parker has confirmed that her position is that Capital One and Onyx are "creditors." [Filing No. 35 at 2-3.] Given that the FDCPA applies to debt collectors but not creditors, Ms. Parker's FDCPA claim against Capital One and Onyx fails as a matter of law. *McKinney*, 548 F.3d at 500. Although Ms. Parker's Amended Complaint and response brief allude to a separate entity that may have attempted to collect debt from her before "leaving the scene of collections," that entity is not a party to this lawsuit. [Filing No. 11 at 11 ("Defendant Capital One Auto Finance assigned Plaintiff's claimed delinquent amount to United Recovery Systems for collection"); Filing No. 35 at 2-3.] For these reasons, Ms. Parker's FDCPA claim against Capital One and Onyx is dismissed.

### B. FCRA Claim

Ms. Parker's Amended Complaint alleges that Defendants violated the FCRA "by reporting to all three (3) credit bureaus fraudulent information which has harmed Plaintiff's credit standing and credit worthiness." [Filing No. 11 at 24.] Ms. Parker cites 15 U.S.C. § 1681n and 1681o as support for her claim, alleging that Defendants willfully failed to comply with those provisions. [Filing No. 11 at 25.] Ms. Parker further contends that Defendants failed to send her notice no later than 30 days before furnishing negative information to consumer reporting agencies, in violation of 15 U.S.C. § 1681a(p). [Filing No. 11 at 25.]

In their Motion to Dismiss, Capital One and Onyx ask the Court to dismiss Ms. Parker's FCRA claim against them because they contend she does not have a private right of action to enforce the violations she alleges. [Filing No. 26 at 4.] Capital One and Onyx contend that even if Ms. Parker's allegations are true, "Section 1681s-2(c) specifically exempts violations of Section 1681s-2(a) from private civil liability" and "only designated 'Federal agencies' and 'State officials' can enforce that section." [Filing No. 26 at 4-5 (citations omitted).]

In response, Ms. Parker directs the Court to 15 U.S.C. § 1681h(e), which she contends "allows a private right of action when Defendants['] behavior is willful and deliberate as Capital One and Onyx." [Filing No. 35 at 4.] Ms. Parker contends that she has satisfied the pleading requirements for her FCRA claim to proceed. [Filing No. 35 at 5.] Ms. Parker represents that she has "notified and filed required complaint with three (3) reporting agencies back in June 2015, as to the fraudulent information" and that those challenges remain pending. [Filing No. 35 at 5.] Thus, Ms. Parker confirms that she "has not yet made a claim for relief under Section 1681s-2" as "the matter is still pending with three (3) credit reporting agencies and with Capital One." [Filing No. 35 at 5-6.]

In reply, Capital One and Onyx again assert that Ms. Parker's FCRA claim should be dismissed because she does not have a private right of action for violations of 15 U.S.C. § 1681s-2a. [Filing No. 36 at 3.] They assert that her reference to 15 U.S.C. § 1681h(e) does not save her claim because that section "does not contain any statutory proscriptions that can form the basis of any claim" since it provides limitations of liability for state law claims not at issue in Ms. Parker's action. [Filing No. 36 at 3.]

15 U.S.C. § 1681s-2(a) sets forth various duties that furnishers have to provide accurate information to consumer reporting agencies. For example, reporting fraudulent information is a violation of 15 U.S.C. § 1681s-2(a)(1), and failing to send a consumer notice within 30 days that negative information has been furnished is a violation of 15 U.S.C. § 1681s-2(a)(7). 15 U.S.C. § 1681s-2(c) provides that the provisions of the FCRA that set forth the amount of damages a consumer can receive—15 U.S.C. § 1681n and 15 U.S.C. § 1681o—do not apply to any violation of 15 U.S.C. § 1681s-2(a). 15 U.S.C. § 1681s-2(d) provides that the provisions of 15 U.S.C. § 1681s-2(a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified" by another FCRA provision. Based on this statutory language, it is well-established that no private right of action exists to enforce violations of 15 U.S.C. § 1681s-2(a). *See, e.g.*, *Lang v. TCF Nat. Bank*, 338 F. App'x 541, 544 (7th Cir. 2009) ("Section 1681s-2(c) specifically exempts violations of § 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section.") (collecting cases).

15 U.S.C. § 1681s-2(b) sets forth certain reinvestigation duties that furnishers of information have after receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) that a consumer disputes the completeness or accuracy of any information provided by a person to a consumer

reporting agency. Individual consumers do have a private right of action against a furnisher of information under 15 U.S.C. § 1681s-2(b). *See* 15 U.S.C. § 1681s-2(c) (not exempting violations of 15 U.S.C. § 1681s-2(b) from private cause of action sections of FCRA); *see also Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926 (N.D. Ill. 2000) ("individual consumers do have a private right of action against a furnisher of information under Subsection (b) of Section 1681s-2 of the FCRA"). "The duties § 1681s-2(b) imposes on furnishers of information arise only after the furnisher is notified pursuant to § 1681i(a)(2) by a consumer credit reporting agency that a consumer challenges information." *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005). "Therefore, only proper notice, including all relevant information received from the consumer, triggers the furnisher's obligation to conduct an investigation under § 1681s-2(b)." *Id.*

The Court agrees with Capital One and Onyx that based on Ms. Parker's allegations, she is alleging a violation of 15 U.S.C. § 1681s-2(a)(1) for the alleged reporting of fraudulent information and a violation of 15 U.S.C. § 1681s-2(a)(7) for the alleged failure to send her notice within 30 days that negative information had been furnished. Based on the statutory language and the above-cited case law, however, it is well-established that Ms. Parker does not have a private cause of action to enforce alleged violations of 15 U.S.C. § 1681s-2(a). While it is possible that Ms. Parker could someday pursue a new private cause of action pursuant to 15 U.S.C. § 1681s-2(b), she concedes in her response brief that she is not making such a claim in this litigation because "the matter is still pending with three (3) credit reporting agencies and with Capital One." [Filing No. 35 at 5-6 ("Plaintiff has not yet made a claim for relief under Section 1681s-2 the matter is still pending . . . .").]

7

Although Ms. Parker cites 15 U.S.C. §§ 1681n and 1681o as the basis for her claim in her Amended Complaint, [Filing No. 11 at 25], she does not reference those sections as support for a private right of action in her response brief, [Filing No. 35].  This is likely because those provisions simply set forth the damages that a consumer can receive from a person who willfully or negligently fails to comply with the requirements imposed by the FCRA.  *See* 15 U.S.C. § 1681n (civil liability for willful noncompliance); 15 U.S.C. § 1681o (civil liability for negligent noncompliance).  Instead, Ms. Parker cites 15 U.S.C. § 1681h(e) in support of her FCRA claim, emphasizing her allegations of Capital One and Onyx's deliberate, willful, and wanton conduct.  [Filing No. 35 at 4.]  15 U.S.C. § 1681h(e) sets forth the FCRA's general prohibition on a consumer bringing a defamation, invasion of privacy, or negligence action with respect to the reporting of information against any consumer reporting agency.  The Court agrees with Capital One and Onyx that this provision is inapplicable and does not provide an independent basis for Ms. Parker's FCRA claim.  Thus, for the reasons stated herein, Ms. Parker's FCRA claim against Capital One and Onyx is dismissed.

## IV.
### CONCLUSION

For the reasons stated herein, Capital One and Onyx's Motion to Dismiss is **GRANTED**, [Filing No. 25], and Count IV (FDCPA claim) and Count V (FCRA claim) of Ms. Parker's Amended Complaint are **DISMISSED**.  Count VII of Ms. Parker's Amended Complaint is not at issue in the pending motion and will proceed at this time.  [Filing No. 21 at 7 (Court's screening order allowing Ms. Parker's 42 U.S.C. § 1983 due process claim to proceed).]   No final judgment shall issue at this time.

Date:  December 3, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

Brenda Parker
1427 W. 86th St., #609
Indianapolis, IN 46260

**Distribution via CM/ECF:**

James J. Morrissey
Pilgrim Christakis LLP
321 North Clark St., 26th Floor
Chicago, IL 60654