UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA  PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00826-JMS-TAB |
| | ) | |
| CAPITAL ONE AUTO FINANCE a division | ) | |
| of Capital One N.A., | ) | |
| ONYX ACCEPTANCE CORPORATION, | ) | |
| ALL AMERICAN TOWING AND | ) | |
| RECOVERY, LLC., | ) | |
| OFFICER LOYAL in official and individual | ) | |
| capacity, | ) | |
| INDIANAPOLIS MARION COUNTY | ) | |
| POLICE DEPARTMENT (IMPD), | ) | |
| OFFICER PILKINGTON in official and | ) | |
| individual capacity, | ) | |
| OFFICER ROLINSON in offical and | ) | |
| individual capacity, | ) | |
| DALIAS, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently pending before the Court are multiple filings made by *pro se* Plaintiff Brenda

Parker on January 4, 2016. [Filing No. 52; Filing No. 53; Filing No. 54; Filing No. 55.] The Court

will address these filing before the Defendants have responded because they concern claims

against certain Defendants who have already been dismissed and ask the Court to address the

propriety of an initial pretrial conference scheduled to take place in less than two weeks.

## I.
### RELEVANT BACKGROUND

Ms. Parker filed this action against various defendants in May 2015.  [Filing No. 1.]  She

was granted leave to proceed *in forma pauperis*, [Filing No. 4], and her Amended Complaint was

screened pursuant to 28 U.S.C. § 1915(e)(2), [Filing No. 21 (addressing Filing No. 11)].  The Court's Screening Order allowed three claims to proceed: a Fair Debt Collection Practices Act ("FDCPA") claim against Defendants Capital One Auto Finance ("Capital One") and Onyx Acceptance Corporation ("Onyx"); a Fair Credit Reporting Act ("FCRA") claim against Capital One and Onyx; and a 42 U.S.C. § 1983 claim against Defendants City of Indianapolis, Officer Loyal, Officer Pilkington, and Officer Rolinson (the "City Defendants"), as well as against Defendant Dalias.[1]  [Filing No. 21.]

On September 18, 2015, Capital One and Onyx moved to dismiss Ms. Parker's claims against them, [Filing No. 25], and Ms. Parker filed a response in opposition to that motion on October 5, 2015, [Filing No. 34; Filing No. 35].

On December 1, 2015, the assigned Magistrate Judge Tim Baker issued a scheduling order, setting an initial pretrial conference in this action for January 19, 2016.  [Filing No. 44.]  On December 3, 2015, the Court issued an Order granting Capital One and Onyx's Motion to Dismiss Ms. Parker's FDCPA and FCRA claims against them.  [Filing No. 45.]  The distribution list and docket text of that entry indicate that a copy of the Court's Order was mailed to Ms. Parker via U.S. Mail that day at the address she provided the Court.  [Filing No. 45 at 9.]

On December 15, 2015, Ms. Parker filed an Objection to the Magistrate Judge's scheduling order setting an initial pretrial conference.  [Filing No. 47.]  It is apparent from Ms. Parker's Objection that she was not aware that the Court had granted Capital One and Onyx's Motion to

---

[1] Defendant Dalias has not appeared in this action, and there is no proof on the docket that he has been served.  [*See* Filing No. 24.]

Dismiss. [Filing No. 47 at 1 (referring to that motion as "still pending").][2]  Given Ms. Parker's belief that that the Motion to Dismiss was still pending, and because the City Defendants had not yet answered her Amended Complaint, Ms. Parker asked that the initial pretrial conference be vacated as premature.  [Filing No. 47 at 1.]  Also on December 15, 2015, Ms. Parker filed a response objecting to the City Defendants' second request for additional time to answer Ms. Parker's Amended Complaint.  [Filing No. 48 (objecting to Filing No. 45).]  The City Defendants had filed the Motion for Extension of Time to Answer on November 30, 2015, [Filing No. 43], and the Magistrate Judge had granted it on December 4, 2015, [Filing No. 46], before Ms. Parker filed her response.

On December 21, 2015, the Magistrate Judge issued an entry that to the extent Ms. Parker was asking to vacate the initial pretrial conference set for January 19, 2016, that request was denied.  [Filing No. 49.]  On December 28, 2015, the City Defendants filed an Answer to Ms. Parker's Amended Complaint.  [Filing No. 50.]

On January 4, 2015, Ms. Parker filed a Motion to Set Aside Court's Order Granting Motion to Dismiss and a supporting brief.  [Filing No. 52; Filing No. 53.]  She also filed a Notice of Email Address, [Filing No. 54], and an Objection to Court's Scheduling Order, [Filing No. 55.]  The Court will separately address these filings.

---

[2] In a subsequent filing, Ms. Parker confirms that she did ultimately receive a copy of that Order via U.S. Mail.  [See Filing No. 53 at 4 ("Plaintiff did not receive a copy of the order in the mail until well after December 3, 2015 . . .").]

## II.
### DECISION

**A.  Motion to Set Aside**

Ms. Parker's Motion to Set Aside primarily argues that the Court should vacate its Order Granting Capital One and Onyx's Motion to Dismiss because the Court's Screening Order allowed the claims at issue in that motion to proceed and the Order did not "set aside" the Screening Order before dismissing them.  [Filing No. 52; Filing No. 53.]  Although Ms. Parker cites Federal Rule of Civil Procedure 60 in support of her motion, the Court will construe her motion as a motion to reconsider because final judgment has not been entered.

"Motions to reconsider 'are not replays of the main event.'"  *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).  A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  Because such problems "rarely arise," a motion to reconsider "should be equally rare."  *Id.* at 1191.

As an initial matter, the Court notes that in response to Capital One and Onyx's Motion to Dismiss, Ms. Parker did not make the argument she now makes in her Motion to Set Aside.  [Filing No. 34; Filing No. 35.]  Instead, Ms. Parker responded to the substantive merits of the Motion to Dismiss, and the Court ruled on the arguments presented by the parties.  [Filing No. 45.]  The Court relies "on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. . . .  Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and

4

arguments entitling them to relief." *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008).  For

that reason, the Court concludes that Ms. Parker has waived this issue by not initially raising it in

response to Capital One and Onyx's Motion to Dismiss.

Waiver notwithstanding, Ms. Parker cites no legal authority to support her argument, and

the Court concludes that her motion has no merit.  As the Court indicated when it granted Ms.

Parker's request for *in forma pauperis* status, her claims had to be screened pursuant to 28 U.S.C.

§ 1915(e)(2).  [Filing No. 4.]  The Court later issued a Screening Order and allowed three of Ms.

Parker's claims to proceed at that time.  [Filing No. 21.]  The Screening Order did not prevent any

defendant from filing a subsequent motion to dismiss and, in fact, could not do so.  Federal Rule

of Civil Procedure 12 dictates the timing and manner in which a defendant must answer or

otherwise respond to a complaint, and one such way is by filing a motion to dismiss for failure to

state a claim.  Despite the Court's Screening Order, Capital One and Onyx still had to answer or

otherwise respond to Ms. Parker's Amended Complaint, and they did so by filing a Motion to

Dismiss Ms. Parker's claims against them pursuant to Rule 12(b).  Moreover, as 28 U.S.C. §

1915(e)(2) provides, the Court "shall dismiss the case *at any time* if the court determines that . . .

[it] fails to state a claim on which relief may be granted."  The Court considered the arguments

raised by Capital One and Onyx in their Motion to Dismiss, as well as Ms. Parker's responses

thereto, and determined at that time that Ms. Parker had failed to state claims against Capital One

and Onyx for which relief could be granted.  Doing so did not require the Court to "set aside" its

Screening Order, which in fact still applies to Ms. Parker's 42 U.S.C. § 1983 claim against the

remaining Defendants.  For these reasons, the Court denies Ms. Parker's Motion to Reconsider.

[Filing No. 52.]

As a final note, throughout her motion Ms. Parker alleges that various entities and federal employees are conspiring against her to tamper with her mail, block her Internet service, block access to her PACER account, and do other things that have prevented her from receiving notice of filings in this action.  [Filing No. 53.]  Ms. Parker admits, however, that she has received a notification from PACER that access to her account was denied for non-payment.  [Filing No. 53 at 2.]  Because Ms. Parker's allegations regarding the alleged conspiracies lack evidentiary support and are conclusory, the Court cannot address them further.

**B. Objection to Scheduling Order**

Ms. Parker has filed an Objection to the Magistrate Judge's scheduling of an initial pretrial conference in this action for January 19, 2016, and his denial of her subsequent request to vacate it.  [Filing No. 55 (referencing Filing No. 44; Filing No. 49).]  Ms. Parker argues that at the time the Magistrate Judge set the initial pretrial conference Capital One and Onyx's Motion to Dismiss was still pending and the City Defendants had not yet answered her Amended Complaint.  [Filing No. 55.]  Thus, she contends that the conference is premature and now asks this Court to vacate it until such a time that the Motion to Set Aside the Court's Order Granting Motion to Dismiss is ruled upon and she has had a chance to review the City Defendants' Answer to her Amended Complaint.  [Filing No. 55 at 2.]  Ms. Parker emphasizes that she has not given her consent for the Magistrate Judge to proceed in this action and that she believes he is biased against her because he ruled on the City Defendants' second request for an extension of time to file their answer before she had a chance to respond to that request.  [Filing No. 55 at 2-3.]

This Court will consider Ms. Parker's Objection pursuant to Federal Rule of Civil Procedure 72(a), which provides that objections to non-dispositive matters will set aside any part of the order that is "clearly erroneous or is contrary to law."  Under the clear error standard, the

Court will not reverse the decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Kanter v. C.I.R.*, 590 F.3d 410, 417 (7th Cir. 2009) (citation omitted).

Congress has authorized magistrate judges to conduct a wide array of non-dispositive pretrial matters pending before the Court, regardless of a party's consent thereto. 28 U.S.C. § 636(b)(1)(A). Local Rule 72-1 reiterates that Magistrate Judges of this Court "are judicial officers" and are "authorized and specifically designated to perform all duties authorized" by, among other things, the United States Code and any rule governing proceedings in this Court. Federal Rule of Civil Procedure 16(a) provides that in any action, attorneys and any unrepresented parties may be ordered to appear for "one or more pretrial conferences for such purposes as," among other things, "expediting disposition of the action," "establishing early and continuing control so that the case will not be protracted because of lack of management," "discouraging wasteful pretrial activities," or "facilitating settlement." Local Rule 16-1 specifically provides that "the court may order the parties to appear for an initial pretrial conference."

Magistrate Judge Baker was well within his authority to schedule an initial pretrial conference for January 19, 2016, when he did so on December 1, 2015. [Filing No. 44.] Ms. Parker's action had been pending for approximately six months; all of the Defendants had appeared by counsel, except for Defendant Dalias (and there is no proof has ever been served in this action), [*see* Filing No. 24]; and Capital One and Onyx's Motion to Dismiss was fully briefed and ripe for the Court's consideration. Given this backdrop, not only was Magistrate Judge Baker within his authority to schedule an initial pretrial conference, he was required to do so to comply with applicable federal and local rules. Accordingly, the Court **OVERRULES** Ms. Parker's Objection, [Filing No. 55], and will not vacate the currently schedule initial pretrial conference, given that

her Motion to Set Aside is also being ruled on in this Order and she will have adequate time to review the City Defendants' Answer before the conference.

The Court acknowledges that Ms. Parker believes that Magistrate Judge Baker is biased against her because he quickly ruled on the City Defendants' second request for an extension of time to file their answer before Ms. Parker had a chance to respond to that request. [Filing No. 55 at 2-3.] Local Rule 7-1(d) provides, however, that routine motions may be ruled on before a response deadline passes unless the motion indicates that an opposing party objects or the Court otherwise believes that a response will be filed. The City Defendants' second request for an extension of time to answer Ms. Parker's Amended Complaint did not indicate that Ms. Parker objected[3] and was one of the most routine types of motions that this Court sees. Thus, Magistrate Judge Baker's decision to grant it without waiting for a response from Ms. Parker is not evidence of bias. Ms. Parker should expect that Magistrate Judge Baker will continue to exercise authority over non-dispositive pre-trial matters in this action, as allowed by applicable statutes and rules.

### C.  Notice of Email Address

Ms. Parker has filed a Notice of Email Address, giving notice "for all Defendants to make contact with Plaintiff regarding the above civil action." [Filing No. 54.] The Defendants may contact Ms. Parker at that email address if they so choose, but the Court also reminds them of their obligation to serve filings to Ms. Parker in a manner consistent with Federal Rule of Civil Procedure 5. The Court will continue to serve filings on Ms. Parker via U.S. Mail pursuant to Federal Rules of Civil Procedure 5(b)(2)(C) and 77.

---

[3] In the future, all Defendants should attempt to contact Ms. Parker to determine whether she objects to a requested extension of time pursuant to Local Rule 6-1(a)(4).

### III.
#### CONCLUSION

For the reasons set forth herein, Ms. Parker's Motion to Set Aside is **DENIED**, [Filing No. 52], and her Objection to the Magistrate Judge's Scheduling Order is **OVERRULED**, [Filing No. 55]. The initial pretrial conference scheduled for **2:30 p.m.** on **January 19, 2016**, in Room 234, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN, will proceed as scheduled, absent good cause shown by motion to continue it, as would be determined by the assigned Magistrate Judge.

Date:  January 7, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

BRENDA PARKER
1427 W. 86TH STREET
#609
INDIANAPOLIS, IN 46260

**Electronic Distribution via CM/ECF:**

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

James J. Morrissey
PILGRIM CHRISTAKIS
jmorrissey@pilgrimchristakis.com