UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CAPITAL ONE AUTO FINANCE a division of Capital One N.A., ONYX ACCEPTANCE CORPORATION, OFFICER LOYAL in official and individual capacity, OFFICER PILKINGTON in official and individual capacity, OFFICER ROLINSON in official and individual capacity, DALIAS, CITY OF INDIANAPOLIS, | ) No. 1:15-cv-00826-JMS-TAB |
| Defendants. | ) |

# **ORDER**

Presently pending before the Court is *pro se* Plaintiff Brenda Parker's Motion for Leave to File Second Amended Complaint. [Filing No. 95.] Defendants City of Indianapolis, Officer Loyal, Officer Pilkington, and Officer Rolinson (collectively, the "City Defendants") object to Ms. Parker's request to amend her pleadings. [Filing No. 101.] Defendants Capital One Auto Finance, a division of Capital One N.A. ("Capital One"), and Onyx Acceptance Corporation ("Onyx") object to Ms. Parker's request to amend her pleadings, and they also ask this Court to enter partial final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b). [Filing No. 106.] Ms. Parker has also filed a Motion to Set Aside/Vacate the Court's December 2015 Order dismissing Capital One and Onyx, [Filing No. 115], and the Court will also address that request in this Order as well.

# I.
## BACKGROUND

As summarized by the Court's Screening Order, Ms. Parker's claims

> arise out of circumstances surrounding and preceding the repossession of her vehicle in May of 2014. She called the police at the time the vehicle was being towed and told officers that the creditor had "charged off" the debt in 2012 when it reported the car loan to be an uncollectible debt. The officers reviewed papers that the towing company had, determined that the towing company's paperwork was more current than [Ms. Parker's paperwork], and allowed the towing company to repossess her car.

[Filing No. 21 at 2.] In its Screening Order, the Court dismissed some of Ms. Parker's claims, including her equal protection and 42 U.S.C. § 1985 claims; her civil conspiracy claim under 18 U.S.C. § 241; her claim under 42 U.S.C. § 1983 against various private actors; her claim for violations of IRS Publication 535; and her official capacity claims against the officer defendants. [Filing No. 21.] The Court allowed the following claims to proceed: Count IV (a Fair Debt Collection Practices Act claim against Capital One and Onyx)); Count V (a Fair Credit Reporting Act claim against Capital One and Onyx); and Count VII (due process claim pursuant to 42 U.S.C. § 1983 against the City Defendants). [Filing No. 21.]

Capital One and Onyx filed a Motion to Dismiss Ms. Parker's claims against them, which the Court granted on December 3, 2015. [Filing No. 45.] Ms. Parker filed multiple motions that the Court treated as a request for reconsideration, and the Court denied that request. [Filing No. 56.] The Court has not entered partial final judgment on Ms. Parker's claims against Capital One and Onyx.

On January 22, 2016, the assigned Magistrate Judge entered a Case Management Plan. [Filing No. 59.] A joint motion to extend certain dates was granted on December 20, 2016, and the following dates were established:

> 1. the discovery deadline (for both liability and damages) is extended to February 17, 2017;
>
> 2. the deadline for the parties' final witness and exhibit lists is extended to February 17, 2017;
>
> 3. the deadline for motions for leave to amend the pleadings and/or to join additional parties is extended to February 28, 2017; and
>
> 4. the deadline for dispositive motions is extended to March 31, 2017.

[Filing No. 81 at 1.]

On March 6, 2017, Ms. Parker filed a Motion to Amend/Correct her Amended Complaint, [Filing No. 95], and submitted a proposed Second Amended Complaint, [Filing No. 95-2]. The City Defendants object to Ms. Parker's request to amend her pleadings. [Filing No. 101.] Capital One and Onyx object to Ms. Parker's request to amend her pleadings and also ask this Court to enter partial final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b). [Filing No. 106.] Ms. Parker did not file a reply brief or a response to Capital One and Onyx's request for entry of partial final judgment.

## II.
### DISCUSSION

**A. Ms. Parker's Motion for Leave to File Second Amended Complaint**

Ms. Parker asks for leave to file a Second Amended Complaint, emphasizing that leave to amend pleadings should be freely given and arguing that Defendants will not be prejudiced by her amendment. [Filing No. 95 at 3.] Ms. Parker submits her proposed Second Amended Complaint, [Filing No. 95-2], but she does not specifically identify the differences between those filings other than noting she seeks to make additional factual allegations against the City Defendants and reassert her claims against Capital One and Onyx, [Filing No. 95 at 2-3]. It appears that Ms. Parker seeks to make new factual allegations, add claims that this Court already dismissed in its Screening

Order, reassert dismissed claims against Capital One and Onyx, and add two new parties to this litigation.[1]

The City Defendants object to Ms. Parker's request, pointing out that her motion was filed approximately one week after the deadline to do so had passed. [Filing No. 101 at 1-2.] The City Defendants argue that they would be prejudiced by the amendment because Ms. Parker attempts to reassert previously dismissed claims and they have not conducted discovery on those claims. [Filing No. 101 at 3.] The City Defendants emphasize that Ms. Parker filed her motion on the eve of the dispositive motions deadline and that it is not necessary for her to amend her pleading to add additional facts because she can rely on evidence supporting those facts in response to the City Defendants' forthcoming motion for summary judgment. [Filing No. 101 at 3.]

Capital One and Onyx object to Ms. Parker's request, also pointing out that Ms. Parker's motion was filed after the deadline to amend her pleadings. [Filing No. 106 at 1.] Capital One and Onyx emphasize that the Court has already dismissed Ms. Parker's claims against them on the merits and upheld that decision after Ms. Parker asked it to reconsider. [Filing No. 106 at 2.] Capital One and Onyx also argue that Ms. Parker's claims are barred by *res judicata* because they were defendants in a state court action brought by Ms. Parker and adversely decided against her. [Filing No. 106 at 3-6; Filing No. 105-1 to Filing No. 105-6 (filings from state court case).]

---

[1] The Court has reviewed Ms. Parker's Amended Complaint, [Filing No. 11], and her proposed Second Amended Complaint, [Filing No. 95-2], and attempted to address the differences between those pleadings. To the extent the Court overlooked any differences between those pleadings and they are not addressed herein, Ms. Parker has waived any such argument because she did not more specifically identify the differences between the Amended Complaint and her proposed Second Amended Complaint in her Motion for Leave. [Filing No. 95.]

4

Ms. Parker did not file a reply brief, but she did separately file a Motion to Set Aside/Vacate Order of Dismissal and Add Capital One and Onyx Back Into Action. [Filing No. 115.] Capital One and Onyx responded in opposition to that motion. [Filing No. 118.]

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). That said, leave to amend is not automatic, and the Court has "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Although Ms. Parker filed her Motion for Leave to Amend her Complaint almost one week after the deadline to do so had passed, the Court will still consider her request on the merits because her previous request to extend that deadline—filed approximately two weeks earlier—was still pending.[2] [Filing No. 89.] Even considering the merits of Ms. Parker's request and that leave to amend a complaint is typically freely given, the Court must deny Ms. Parker's request for these reasons:

- Ms. Parker's proposed Second Amended Complaint makes factual allegations against the City Defendants in this action that are more extensive than she made in the Amended Complaint currently controlling these proceedings. [*Compare* Filing No. 11 and Filing No. 95-2.] Ms. Parker's proposed Second Amended Complaint does not, however, seek to assert new legal claims against the City

---

[2] In the future, Ms. Parker must be sure to timely submit filings by the deadline to do so, even if a request to extend that deadline is pending.

5

Defendants. It is unnecessary for Ms. Parker to amend her complaint to rely on evidence supporting these new factual allegations to attempt to defeat the City Defendants' recently filed Motion for Summary Judgment. [Filing No. 109.] Moreover, allowing her to amend her complaint to do so would prejudice the City Defendants because it would moot their pending Motion for Summary Judgment. Accordingly, the Court denies Ms. Parker's request to file a Second Amended Complaint on this basis.

- Ms. Parker's proposed Second Amended Complaint asserts claims that the Court previously dismissed pursuant to the Screening Order issued pursuant to 28 U.S.C. § 1915(e)(2) on September 1, 2015. [Filing No. 21; Filing No. 95-2.] Ms. Parker's Motion for Leave to Amend her Complaint ignores that these claims and defendants have previously been dismissed as a matter of law for various legal insufficiencies, rendering her request to reassert them eighteen months later futile.

- Ms. Parker's proposed Second Amended Complaint asserts claims against Capital One and Onyx that survived the Court's Screening Order but were later dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 21; Filing No. 45; Filing No. 95-2.] Ms. Parker's Motion for Leave to Amend her Complaint ignores that her claims against Capital One and Onyx have previously been dismissed as a matter of law for various legal insufficiencies, rendering her request to reassert them now futile. Additionally, the Court agrees with Capital One and Onyx that Ms. Parker's claims against them are barred by *res judicata* because the claims she seeks to assert against

them in her proposed Second Amended Complaint were either asserted in a state court proceeding and adversely decided against Ms. Parker or could have been asserted in that state court proceeding. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) ("*Res judicata*, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. . . . *Res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action."). Accordingly, Ms. Parker's request to amend her complaint to assert claims against Capital One and Onyx as set forth in her proposed Second Amended Complaint is denied as futile.

- Ms. Parker's proposed Second Amended Complaint identifies current Defendant "Dalias" as Mark Senesac and asserts claims against Mr. Senesac for his involvement as "the tow truck driver, who illegally repossessed Plaintiff's vehicle." [Filing No. 95-2.] Ms. Parker's due process claim brought under 42 U.S.C. § 1983 against the then-unidentified Defendant "Dalias"—now known to be Mr. Senesac—survived the Court's screening. [Filing No. 21 at 7.] But Ms. Parker need not amend her complaint to assert this claim against Mr. Senesac since it is already pending in this action. Instead, the Court **DIRECTS** the Clerk to **UPDATE** the docket to reflect Defendant Dalias' actual name—Mark Senesac. The Clerk is also designated to issue process to Mr. Senesac in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall

7

consist of the Amended Complaint, [Filing No. 11], applicable forms, the Screening Entry, [Filing No. 21], and this Order.

- Ms. Parker's proposed Second Amended Complaint seeks to add ARS-Iprstaging ("ARS") as a party to this action. Ms. Parker's proposed Second Amended Complaint alleges that ARS is "the company Capital One Auto Finance contracted with to illegally repossess Plaintiff Parker's vehicle." [Filing No. 95-2 at 2.] Other than making this allegation, Ms. Parker does not assert any legal claims against ARS. [Filing No. 95-2 at 18-34 (the claims Ms. Parker seeks to assert, not identifying ARS in any of them).] To the extent Ms. Parker is asserting claims against ARS, they would either be in line with the claims asserted against Defendants 5 Star Automotive and All American Towing—which the Court dismissed in the Screening Order—or in line with the claims against Capital One and Onyx—which the Court later dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 21; Filing No. 45; Filing No. 56.] For these reasons, the Court concludes that Ms. Parker's request to amend her complaint to add ARS as a party is futile.

The Court concludes that Ms. Parker has not established any basis to amend her complaint and, accordingly, the Court **DENIES** her Motion for Leave to do so. [Filing No. 95.]

**B. Ms. Parker's Motion to Set Aside**

Ms. Parker has filed a Motion to Set Aside/Vacate the Court's Order dismissing Capital One and Onyx from this action. [Filing No. 115.] She contends that their Motion to Dismiss, which the Court granted in December 2015, is "still frivolous" and now she has evidence to pursue all of her claims against them. [Filing No. 115 at 2.] Ms. Parker argues that Capital One and Onyx

committed fraud in state and federal court and she asks this Court to "examine the order entered fraudulently by another Judge [in state court]" as well as other decisions by various judges in her state court case. [Filing No. 115 at 5-7.] She accuses two state court judges of "fraud and corruption" and also accuses Capital One and Onyx of being "possessed with a 'Judas Spirit.'" [Filing No. 115 at 8.] Ms. Parker believes that Capital One and Onyx are conspiring with "the Musketeers and all Defendants in this action" and that they attempted to have her falsely arrested for disturbing the peace while she was quietly enjoying her privacy within her apartment. [Filing No. 115 at 10.]

In response, Capital One and Onyx ask the Court to deny Ms. Parker's Motion to Set Aside. [Filing No. 118.] They cite the Court's rationale for dismissing Ms. Parker's FDCPA and FCRA claims against them in this litigation, which the Court reaffirmed in denying Mr. Parker's request to reconsider that decision. [Filing No. 118 at 1-3.] Capital One and Onyx also point out that Ms. Parker subsequently filed a state court action against them, and they argue that *res judicata* and the *Rooker-Feldman* doctrine bar Ms. Parker's attempt to reassert claims against them now in federal court. [Filing No. 118 at 3-4.]

The Court stands by the rationale set forth its previous decision to dismiss Ms. Parker's claims against Capital One and Onyx as a matter of law in December 2015. [Filing No. 45.] Ms. Parker has already asked the Court to reconsider that decision once, and the Court denied that request in a nine-page Order. [Filing No. 56.] Ms. Parker now attempts to bring Capital One and Onyx back into this action because of allegedly new evidence, but for the reasons stated in the prior section, the Court agrees with Capital One and Onyx that Ms. Parker's claims against them are barred by *res judicata* because they were either asserted in her state court proceeding and adversely decided against her or they could have been asserted in that state court proceeding. *See*

9

*Bell*, 827 F.3d at 706 ("*Res judicata*, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. . . . *Res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.").

Additionally, in her Motion to Set Aside, Ms. Parker asks this Court to review various decisions in her state court case against Capital One and Onyx that she contends were wrong and the result of fraud. [Filing No. 115.] This Court cannot do that pursuant to the *Rooker-Feldman* doctrine, which prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted). Instead, Ms. Parker's proper course of action to challenge those decisions would be to appeal her state court case to the Indiana Court of Appeals at the appropriate time.

For these reasons, Ms. Parker's Motion to Set Aside/Vacate Order of Dismissal and Add Capital One and Onyx Back Into Action is **DENIED**. [Filing No. 115.]

### C. Capital One and Onyx's Motion for Entry of Partial Final Judgment

In response to Ms. Parker's request to amend her complaint, Capital One and Onyx ask this Court to enter partial final judgment in their favor on Ms. Parker's claims against them pursuant to Federal Rule of Civil Procedure 54(b). [Filing No. 106 at 5-6.] Ms. Parker did not respond to this request.

Federal Rule of Civil Procedure 54(b) provides that when multiple parties are involved in an action, the Court can "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The

Seventh Circuit Court of Appeals has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938-39 (7th Cir. 2005).

The Court dismissed Ms. Parker's claims against Capital One and Onyx on the merits in December 2015. [Filing No. 45.] Since that time, the Court has denied Ms. Parker's request to reconsider that decision, [Filing No. 56], and Ms. Parker has unsuccessfully pursued claims against Capital One and Onyx in state court, [Filing No. 105-1 (state court complaint filed January 2016); Filing No. 105-4 (state court order dismissing claims against Capital One and Onyx with prejudice)]. Despite this, Ms. Parker has again sought to reassert her claims against Capital One and Onyx in this litigation, [Filing No. 95; Filing No. 115], but the Court has now denied her request for the reasons stated in the previous sections. Given that Ms. Parker's claims against Capital One and Onyx—and the basis for the Court's decision to dismiss those claims on the merits—are wholly distinct from the due process/conspiracy claim pursuant to 42 U.S.C. § 1983 that remains pending against the remaining Defendants in this litigation, the Court agrees with Capital One and Onyx that there is no just reason for delay and that partial final judgment should be entered in their favor pursuant to Federal Rule of Civil Procedure 54(b) at this time.

### III.
### CONCLUSION

For the reasons set forth herein, Ms. Parker's Motion for Leave to File Second Amended Complaint is **DENIED**. [Filing No. 95.] Ms. Parker's Motion to Set Aside/Vacate Order of Dismissal and Add Capital One and Onyx Back Into Action is also **DENIED**. [Filing No. 115.] Because the Court finds no just reason for delay, Capital One and Onyx's request for the Court to enter partial final judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b) is

**GRANTED**. [Filing No. 106.] The Court will enter partial final judgment in favor of Capital One and Onyx by separate entry, and the Clerk is directed to **TERMINATE** those parties on the docket.

The Court **DIRECTS** the Clerk to **UPDATE** the docket to reflect Defendant Dalias' actual name—Mark Senesac. The Clerk is also designated to issue process to Mr. Senesac in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the Amended Complaint, [Filing No. 11], applicable forms, the Screening Entry, [Filing No. 21], and this Order.

The City Defendants have moved for summary judgment in their favor and that motion remains pending. [Filing No. 109.] Ms. Parker's response to that motion is currently due by May 1, 2017. [Filing No. 112.] Ms. Parker has filed a Partial Motion for Extension of Ordered Case Management Date for Summary Judgment Motion, requesting an extension of this deadline. [Filing No. 114.] The Court **GRANTS** Ms. Parker's extension request given the various rulings the Court has issued today, and **ORDERS** Ms. Parker to file a response to the City Defendants' Motion for Summary Judgment by **June 12, 2017**. Ms. Parker should not anticipate further extensions of that deadline. She should also be sure to thoroughly review the Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment. [Filing No. 112.]

Date: April 28, 2017

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

BRENDA PARKER
1427 W. 86TH STREET
#609
INDIANAPOLIS, IN 46260

Mark Senesac
1900 Hart Street, Suite 37D
Dyer, IN 46311

**Electronic Distribution via CM/ECF:**

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

James J. Morrissey
PILGRIM CHRISTAKIS
jmorrissey@pilgrimchristakis.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com