UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| OFFICER LOYAL, in official and individual capacity, | ) No. 1:15-cv-00826-JMS-TAB |
| OFFICER PILKINGTON, in official and individual capacity, | ) |
| OFFICER ROLINSON. in official and individual capacity, | ) |
| MARK SENESAC, | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Presently pending before the Court are two Motions filed by *pro se* Plaintiff Brenda Parker to set aside final orders entered by the Court pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). [Filing No. 128 (requesting to set aside Filing No. 120 and Filing No. 123); Filing No. 129 (requesting to set aside Filing No. 119).] Defendants City of Indianapolis, Officer Loyal, Officer Pilkington, and Officer Rolinson (collectively, the "City Defendants") and Defendant Mark Senesac did not respond to the Motions. Accordingly, Ms. Parker's Motions are now ripe for review. Ms. Parker also filed a Motion to Proceed on Appeal in forma pauperis, [Filing No. 131], which the Court will address in a separate order.

**I.**
**BACKGROUND**

Ms. Parker's present Motions come nearly two years after she filed an Amended Complaint setting forth numerous claims related to the repossession of her vehicle in May of 2014. [Filing

No. 11.] In its Screening Order, the Court summarized the incident giving rise to Ms. Parker's claims as follows:

> [Ms. Parker] called the police at the time the vehicle was being towed and told officers that the creditor had "charged off" the debt in 2012 when it reported the car loan to be an uncollectible debt. The officers reviewed papers that the towing company had, determined that the towing company's paperwork was more current than [Ms. Parker's paperwork], and allowed the towing company to repossess her car.

[Filing No. 21 at 2 (analyzing Filing No. 11).]

The Court has dismissed several of the claims set forth in Ms. Parker's Amended Complaint, including all claims against Defendants Capital One Auto Finance, a division of Capital One N.A. ("Capital One"), and Onyx Acceptance Corporation ("Onyx"). [Filing No. 21; Filing No. 45.] [1] As a result, the only Count of Ms. Parker's Amended Complaint that remains pending is a 42 U.S.C. § 1983 due process claim against the City Defendants and Mr. Senesac—the tow truck driver. [Filing No. 45 at 8; Filing No. 120 at 7-8 (directing the clerk to update the docket to reflect Defendant Dalias' actual name—Mark Senesac).]

Ms. Parker now asks this Court for relief from two final Orders. First, Ms. Parker requests that this Court grant relief from its Order entered on April 28, 2017, [Filing No. 120], and Partial Final Judgment, [Filing No. 123], which: (1) denied her Motion for Leave to File a Second

---

[1] On September 1, 2015, in its Screening Order, the Court dismissed some of Ms. Parker's claims, including her Equal Protection and 42 U.S.C. § 1985 claims; her civil conspiracy claim under 18 U.S.C. § 241; her claim under 42 U.S.C. § 1983 against various private actors; her claim for violations of IRS Publication 535; and her official capacity claims against the officer defendants. [Filing No. 21.] The Court allowed the following claims to proceed: Count IV (a Fair Debt Collection Practices Act claim against Capital One and Onyx); Count V (a Fair Credit Reporting Act claim against Capital One and Onyx); and Count VII (a due process claim pursuant to 42 U.S.C. § 1983 against the City Defendants). [Filing No. 21.] On December 3, 2015, the Court granted a Motion to Dismiss, which dismissed all of Ms. Parker's claims against Capital One and Onyx. [Filing No. 45]. As a result, the only claim of Ms. Parker's that is still pending before this Court is Count VII, a due process claim under 42 U.S.C. § 1983 against the City Defendants and Mr. Senesac.

Amended Complaint; (2) denied her Motion to Set Aside/Vacate Order Dismissing Capital One and Onyx; and (3) entered Partial Final Judgment for Capital One and Onyx. [Filing No. 128 at 1.] Second, Ms. Parker requests that this Court grant relief from its Order on Objections to Two Magistrate Judge Orders, [Filing No. 119], which: (1) overruled Ms. Parker's Objection to Magistrate Judge Baker's Order dated February 21, 2017; and (2) overruled Ms. Parker's Objection to Magistrate Judge Baker's Order dated February 27, 2017. [Filing No. 129 at 1.]

## II.
### JURISDICTION

The Court notes that on the same day she filed a Motion to Grant Relief from Order and Partial Final Judgment, [Filing No. 128], Ms. Parker also filed a notice appealing the Court's Partial Final Judgment for Capital One and Onyx. [Filing No. 130 (appealing Filing No. 123).]

Generally, the filing of a notice of appeal "is an event of jurisdictional significance" which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. U.S.*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). However, motions for relief from judgment under FRCP 60(b) provide an exception to this rule. The Seventh Circuit has held that "[d]istrict courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make its resolution a final one, knowing that a district court has no desire to amend its ruling." *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418–19 (7th Cir. 2008). Conversely, in the event a district court is inclined to grant a Rule 60(b) motion, the Seventh Circuit has held that the district court should notify the Seventh Circuit of its intention and the Seventh Circuit "will remand the entire case for that purpose." *Id.* at 419. Accordingly, the Court is satisfied that it possesses the jurisdiction to consider

Ms. Parker's Motion to Grant Relief from Order and Partial Final Judgment from the Court, notwithstanding her simultaneous appeal.

## III.
### DISCUSSION

Both of Ms. Parker's Motions appear to be premised on the same legal argument—that the Court should set aside its prior Orders due to "fraud and abuse of discretion" pursuant to FRCP 60(b). [Filing No. 128 at 1; Filing No. 129 at 1.] However, each Motion contains a variety of other underlying allegations. Accordingly, the Court will summarize and rule on each Motion in turn.

**A. Motion to Grant Relief from Order and Partial Final Judgement [Filing No. 128.]**

Ms. Parker's first Motion primarily concerns her efforts to file a Second Amended Complaint and her efforts to revive her claims against Capital One and Onyx. [Filing No. 128.] First, with regard to the Court's previous denial of her Motion for Leave to File a Second Amended Complaint, [Filing No. 120 at 3-8 (denying Filing No. 95)], Ms. Parker alleges that the Court's Order should be reversed because "a mistake has been committed," [Filing No. 128 at 2], and asserts that the Court erred in making her untimely filing the "focal point" of the Court's decision to deny her Motion, [Filing No. 128 at 3].

Second, with regard to the Court's denial of her Motion to Set Aside the Order Dismissing Capital One and Onyx, [Filing No. 120 at 8-10 (denying Filing No. 115)], and the Court's related entry of Final Judgment, [Filing No. 120 at 10-11 (granting Filing No. 106); Filing No. 123], Ms. Parker alleges that Capital One committed fraud "by claiming to be a creditor, a debt collector, and a credit reporting agency" and argues that her Federal action is not barred by "[c]laim preclusion or issue preclusion." [Filing No. 128 at 5-8.]

4

FRCP 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). A motion under FRCP 60(b) is "a collateral attack on the judgment" and the grounds for setting aside a judgment under this rule "must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (stating that the "common thread" among grounds for reversal under Rule 60(b) is that they are grounds that "could not, in the circumstances, have been presented in a direct appeal.") In addition, Rule 60(b) "applies only to a final judgment, order, or proceeding." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (citations omitted).

FRCP 60(b) enumerates several grounds for reversal, including instances where there is evidence of "fraud. . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). In order to obtain relief under the fraud provision of Rule 60(b), a movant must prove that: "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). A party seeking to set aside a judgment under FRCP 60(b)(3), "must prove fraud by clear and convincing evidence." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

In addition, FRCP 60(b) allows courts to relieve a party of final judgement in instances of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Rule is "designed to address mistakes attributable to special circumstances and not merely to erroneous

5

applications of law." *3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 384 (7th Cir. 2010) (citations omitted).

> 1. *Ms. Parker's FRCP 60(b) challenge to the Court's denial of her Motion for Leave to File a Second Amended Complaint*

Ms. Parker's FRCP 60(b) challenge to the Court's denial of her Motion for Leave to File a Second Amended Complaint, [Filing No. 120 at 3-8 (denying Filing No. 95)], fails for several reasons. First, the Court's previous denial of Ms. Parker's Motion for Leave to File a Second Amended Complaint is not a final judgment, order, or proceeding. *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 248 (7th Cir. 1992) ("[a]n order denying a motion to amend a pleading is not immediately appealable" and is "not considered a final judgment") (citations omitted). Rule 60(b) is, "by its terms[,] limited to 'final' judgments or orders." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006). Accordingly, FRCP 60(b) does not provide an avenue for Ms. Parker to seek relief from the Court's denial of her Motion for Leave to File a Second Amended Complaint.

However, even if Ms. Parker were requesting relief from a final order, she has failed to establish any basis that would entitle her to such relief. Ms. Parker first argues that she is entitled to relief because of "fraud and abuse of discretion," [Filing No. 128 at 1], presumably under FRCP 60(b)(3). However, in the pages that follow, Ms. Parker makes no arguments whatsoever alleging that any of the defendants committed fraud related to the Court's denial of her Motion for Leave to File a Second Amended Complaint. Her allegations regarding 'abuse of discretion' are similarly undeveloped and, in any case, abuse of discretion is not a basis for the Court to grant relief from judgment under Rule 60(b). Ms. Parker goes on to allege that "a mistake has been committed," [Filing No. 128 at 2], an allegation that would fall under FRCP 60(b)(1). Here again, however, she does not make any allegations regarding what the alleged mistake is or who made it.

6

Accordingly, the Court cannot discern any valid basis upon which to grant Ms. Parker relief from judgment concerning her Motion for Leave to File a Second Amended Complaint.

In addition, Ms. Parker makes numerous allegations regarding legal errors made by the Court, which are outside of the scope of a Rule 60(b) challenge. *3SM Realty*, 393 F. App'x at 384 (quoting *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017–18 (7th Cir. 2002)) ("A legal error by the district court is not one of the specified grounds for [a FRCP 60(b)] motion. In fact it is a forbidden ground."). Nevertheless, the Court is keenly aware of Ms. Parker's *pro se* status and the Court's special responsibility to liberally construe her pleadings. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). As such, although it is well outside the bounds of a Rule 60(b) motion, the Court will briefly address one of Ms. Parker's factual allegations in the footnote below.[2] The fact remains, however, that Ms. Parker has not established any basis for the Court to grant her relief from judgment under FRCP 60(b) with regard to the Court's denial of her Motion for Leave to File a Second Amended Complaint.

> 2. *Ms. Parker's FRCP 60(b) challenge to the Court's denial of her Motion to Set Aside the Order Dismissing Capital One and Onyx and entry of Final Judgment*

Ms. Parker next attempts to revive her claims against Capital One and Onyx by requesting that the Court grant relief from its denial of her Motion to Set Aside the Order Dismissing Capital One and Onyx, [Filing No. 120], and of the Court's entry of Final Judgment in favor of the same,

---

[2] In her Motion for Relief from Judgment, Ms. Parker argues that the Court erred in making her untimely filing the "focal point" of the Court's decision to deny her Motion for Leave to File a Second Amended Complaint. [Filing No. 128 at 3.] In its Order denying Ms. Parker's motion, the Court noted that "[a]lthough Ms. Parker filed her Motion for Leave to Amend her Complaint almost one week after the deadline to do so had passed, the Court will still consider her request on the merits." [Filing No. 120 at 5.] The Court went on to specifically list—in five bullet points spanning nearly four pages—the various bases for its decision to deny her motion, none of which involved her failure to file her motion by the established deadline. [Filing No. 120 at 5-8.] Accordingly, the Court gave due consideration to Ms. Parker's motion and denied it on its merits.

[Filing No. 123]. Here, Ms. Parker is properly challenging an order that is 'final' within the scope of Rule 60(b); however, her Rule 60(b) challenge fails on the merits.

The closest Ms. Parker comes to suggesting a valid basis for relief under Rule 60(b) is when she alleges that Capital One committed fraud "by claiming to be a creditor, a debt collector, and a credit reporting agency and all done with malice against Plaintiff, and all done under the umbrella of operations of Capital One, NA." [Filing No. 128 at 5.] Ms. Parker appears to be suggesting that Capital One committed fraud by advocating a position that she thinks is wrong—an argument that the Seventh Circuit has characterized as "misguided." *Kaplan*, 383 F. App'x 539, 542 (7th Cir. 2010) (citing *Provident Savs. Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir.1995) (affirming denial of a motion brought under Rule 60(b)(3) based on a position that opponent had argued successfully before district court)). Moreover, Ms. Parker's mere usage of the word "fraud" falls far short of meeting her burden of proving fraud by "clear and convincing evidence" as required by FRCP 60(b)(3). *Wickens*, 620 F.3d at 759; *see also Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008) (discussing the "special history" of FRCP 60(b)(3) that had made "clear and convincing evidence the standard for motions under that rule.").

Ms. Parker's additional arguments in favor of reviving her claims against Capital One and Onyx involve claim preclusion and issue preclusion. However, the Seventh Circuit has held that a litigant may not argue the underlying merits of a final order in a Rule 60(b) motion. *Kaplan*, 383 F. App'x at 542. The Court previously considered each of Ms. Parker's numerous efforts to revive

her claims against Onyx and Capital One.[3] Ms. Parker may not use a Rule 60(b) motion to relitigate her claim. *Chelmowski v. AT&T Mobility, LLC*, 2017 WL 887518, at *1 (7th Cir. Mar. 2, 2017) (affirming a district court's denial of a Rule 60(b) motion where the "motion was nothing more than an effort to relitigate matters" that had been conclusively resolved).

For the reasons stated herein, Ms. Parker has not established any basis for the Court to grant relief from judgment. Therefore, the Court **DENIES** her Motion to Grant Relief from Order and Partial Final Judgement. [Filing No. 128.]

### B. Motion to Grant Relief from Order on Objections to Two Magistrate Judge Orders [Filing No. 129]

Ms. Parker's second Motion—again premised on Rule 60(b)—seeks to overturn several Discovery Orders issued by the Magistrate Judge. [Filing No. 129.] However, she begins her Motion by repeating many arguments she set forth in favor of her efforts to file a Second Amended Complaint. [Filing No. 129 at 1-4.] Thereafter, Ms. Parker argues that she is being "blocked by the Court from completing discovery" and that "the Court has given no citations of authorities (sic) to support its stance" in denying her Objections. [Filing No. 129 at 4-5.] She further alleges that the Court's failure to rule in her favor is "an abuse of discretion and a denial of Due Process . . . ." [Filing No. 129 at 5].

---

[3] Since December 2015, Ms. Parker has filed numerous motions in an effort to revive her claims against Capital One and Onyx. [Filing No. 52 (Motion to Set Aside Court's Order granting Capital One and Onyx's Motion to Dismiss); Filing No. 53 (Affidavit in Support of Motion to Set Aside Court's Order granting Capital One and Onyx's Motion to Dismiss); Filing No. 95 (Motion for Leave to File a Second Amended Complaint, reasserting her claims against Capital One and Onyx); Filing No. 115 (Motion to Set Aside Order granting Capital One and Onyx's Motion to Dismiss).] The Court has given due consideration to each of these motions, [Filing No. 56 (denying Filing No. 52); Filing No. 120 (denying Filing No. 95 and Filing No. 115)], and declines to do so again.

With limited exceptions, pretrial discovery orders are not final orders. *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 455 (7th Cir. 2017). Accordingly, significant doubt exists as to whether Ms. Parker's challenges to the Court's prior orders concerning discovery are even within the purview of FRCP 60(b). *Phillips*, 828 F.3d at 559 (noting that Rule 60(b) is limited to "final" judgments or orders). However, given Ms. Parker's *pro se* status, the Court will analyze the arguments she presents in support of her motion.

Even construing Ms. Parker's Motion liberally, the Court cannot discern any valid basis for the Court to grant her relief from judgment under FRCP 60(b). Her Motion does not make any arguments alleging fraud by an opposing party. Instead she alleges that the Court made several legal errors in blocking her attempts to complete discovery and failing to give citations of authority to support its stance. [Filing No. 129 at 4-5.] However, as previously noted, these arguments are outside of the scope of a Rule 60(b) challenge. *3SM Realty*, 393 F. App'x at 384. Here again, the Court will briefly address one of Ms. Parker's factual allegations in the footnote below.[4] Nevertheless, Ms. Parker has not established any basis for the Court to grant her relief from judgment under FRCP 60(b). Accordingly, the Court **DENIES** her Motion to Grant Relief from its Order on Objections to Two Magistrate Judge Orders. [Filing No. 129.]

---

[4] In her Motion for Relief from Judgment, Ms. Parker alleges that the Court "has given no citation of authorities to support its stance in Denying (sic) Plaintiff's Objections to the Magistrate Court's filings. . . ." [Filing No. 129 at 5.] However, in its Order denying Ms. Parker's motion, the Court set forth the applicable standard of review for when a district court reviews a magistrate judge's order. [Filing No. 119 at 1-2.] The Court went on to note that it had previously explained the authority of magistrate judges in a prior order. [Filing No. 119 at 6 (citing Filing No. 56 at 7).] Finally, the Court cited authority explaining the considerable discretion to which district courts are entitled in managing caseloads. [Filing No. 119 at 10.] In sum, the Court cited statutes, case law, and the Federal Rules of Civil Procedure in support of its decision to overrule her discovery-related objections. Accordingly, Ms. Parker's argument that the Court failed to cite authority in support of its prior decision is without merit.

## IV.
### CONCLUSION

For the reasons set forth herein, Ms. Parker's Motion to Grant Relief from the Order, entered on April 28, 2017 and Partial Final Judgement is **DENIED**. [[Filing No. 128](#).] Ms. Parker's Motion for the Court to Grant Relief from its Order on Objections to Two Magistrate Judge Orders is also **DENIED**.  [[Filing No. 129](#).]

Date: 6/12/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

BRENDA PARKER
1427 W. 86TH STREET
#609
INDIANAPOLIS, IN 46260

Mark Senesac
1900 Hart Street, Suite 37D
Dyer, IN 46311

**Distribution via ECF only to all counsel of record**