UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICER LOYAL, in official and individual ) | No. 1:15-cv-00826-JMS-TAB |
| capacity, ) | |
| OFFICER PILKINGTON, in official and ) | |
| individual capacity, ) | |
| OFFICER ROLINSON, in official and ) | |
| individual capacity, ) | |
| MARK SENESAC, ) | |
| CITY OF INDIANAPOLIS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently pending before the Court is a Motion to Supplement the Record on Appeal filed by *pro se* Plaintiff Brenda Parker. [Filing No. 165.] Ms. Parker seeks to supplement the record of her case on appeal with a receipt from Federal Express ("Fed Ex") that she claims shows the date on which her Second Motion for Leave to File Amended Complaint was mailed. [Filing No. 165 at 1.]

**I.**
**BACKGROUND**

In 2015, Ms. Parker filed suit in this matter alleging numerous claims related to the repossession of her vehicle in May of 2014. [Filing No. 11.] Over the next two years, the Court entered final judgment against Ms. Parker on each of her claims. [Filing No. 123; Filing No. 152.] Throughout the pendency of her case, Ms. Parker attempted to revive her claims via numerous motions, resulting in orders from this Court that repeatedly summarized, both procedurally and

substantively, the history of this case. Ms. Parker's Motion to Supplement the Record on Appeal, [Filing No. 165], is no different and necessitates the following summary of events.

On March 6, 2017, Ms. Parker's Motion for Leave to File Second Amended Complaint was docketed. [Filing No. 95.] Numerous defendants objected to Ms. Parker's request to amend her Complaint. [Filing No. 101; Filing No. 106.] After noting that Ms. Parker did not file a reply brief, the Court stated that "[a]lthough Ms. Parker filed her Motion for Leave to Amend her Complaint almost one week after the deadline to do so had passed, the Court will still consider her request on the merits." [Filing No. 120 at 5.] The Court went on to specifically list—in five bullet points spanning nearly four pages—the various substantive bases for its decision to deny her motion. [Filing No. 120 at 5-8.] The Court ultimately concluded that Ms. Parker had not established any basis to amend her complaint and denied Ms. Parker's Motion. [Filing No. 120 at 8.]

On September 12, 2017, the Court entered final judgment against Ms. Parker. [Filing No. 152.] One month later, Ms. Parker appealed the entry of final judgment to the United States Court of Appeals for the Seventh Circuit. [Filing No. 154.] She now seeks to supplement the record on appeal with evidence that she claims is "essential" to proving that this Court erred in denying her Motion for Leave to File Second Amended Complaint – specifically, the Fed Ex receipt allegedly showing that she mailed her Motion on February, 28, 2017, rather than on March 6, 2017, the date it was docketed. [Filing No. 165 at 1-2.]

All parties adverse to Ms. Parker have been dismissed from this action and no response is anticipated. As such, pursuant to Local Rule 7-1(d), the Court now considers Ms. Parker's Motion to Supplement the Record on Appeal in advance of the passing of the response deadline.

**II.**
**DISCUSSION**

The Court construes Ms. Parker's present Motion as a motion to modify the record on appeal pursuant to Rule 10 of the Federal Rules of Appellate Procedure. Rule 10(a) provides that the record on appeal is comprised of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). In addition, Rule 10(e) provides, in relevant part, that if anything "material to either party is omitted from or misstated in the record by error or accident," a district court may certify and forward the omission or misstatement. Fed. R. App. P. 10(e)(2)(B).

The purpose of Rule 10(e) "is to ensure that the record on appeal accurately reflects the proceedings in the trial court . . . not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001). Courts have denied motions to supplement where a party seeks to add documents to the record on appeal that were not part of the record before the district court. *Stewart v. Colvin*, 2016 WL 6126912, at *2 (C.D. Ill. Oct. 18, 2016); *Edmonds v. Operating Engineers Local 139*, 2009 WL 2983066, at *1 (W.D. Wis. Sept. 14, 2009).

In this case, the Fed Ex record that Ms. Parker seeks to add to the appellate record was not a part of the record before this Court during its consideration of her case. She did not, for example, file the Fed Ex record in support of any reply in opposition to the various objections to her Motion for Leave to File Second Amended Complaint; indeed, she did not file any reply whatsoever. Nor did she file the Fed Ex record in support of her Motion to Set Aside Partial Final Judgment, in which she made specific arguments regarding the timing of her filing of the Motion for Leave to File Second Amended Complaint. [Filing No. 128.] Ms. Parker's Motion to Supplement the Record on Appeal is therefore not properly brought pursuant to Rule 10(e) because she seeks to

add new material to the record on appeal that was not before this Court. Accordingly, the Court **DENIES** Ms. Parker's Motion to Supplement the Record on Appeal.

### III.
### CONCLUSION

As set forth herein, Ms. Parker's Motion to Supplement the Record on Appeal, [165], is **DENIED.**

Date: 2/15/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

BRENDA PARKER
1427 W. 86TH STREET
#609
INDIANAPOLIS, IN 46260

Mark Senesac
1900 Hart Street, Suite 37D
Dyer, IN 46311

**Distribution via ECF only to all counsel of record**